In re FUEL OIL SUPPLY AND TERMINALING, INC., Debtor.

Tamra Kay HADSELL, Plaintiff,

v.

PHILADELPHIA LIFE INSURANCE COMPANY, Plaintiff-Interpleader,

v.

The ESTATE OF FUEL OIL SUPPLY TERMINALING, INC., Erin Hadsell, Lockwood National Bank, Sybil Melcer, Trustee, Harry Melcer, Energy Materials International Service, Inc., and Republic Bank & Trust Co., Defendants.

Bankruptcy No. 81–02744–HP–4.
Adv. No. 482–0188.

United States Bankruptcy Court,
N.D. Texas,
Fort Worth Division.

June 6, 1983.

Henry Simon, Jr., J.K. Skillern, Simon, Anisman, Doby, Wilson & Liles, Fort Worth, Tex., for Debtor, Fosti.

Ben Gilbert, Burton Gilbert, Joseph Colvin, Gilbert & Colvin, John McClane, Godfrey, Decker, McMackin, Shipman, McClane & Bourland, William R. Magnussen, Eakman & Magnussen, Fort Worth, Tex., for Tamra Kay Hadsell.

Frank Monroe, Nancy E. Friedman, Houston, Tex., for Lockwood Nat. Bank.

Tom Thomas, Kolodey, Thomas, Dooley & Maris, Dallas, Tex., for Erin Hadsell.

## MEMORANDUM OPINION

JOHN FLOWERS, Bankruptcy Judge.

The plaintiffs have requested this case be remanded to the state court. The debtor has requested a change of venue to the Bankruptcy Court for the Southern District of Texas. Aside from the procedural issues currently before the court the central issue in the case is who will receive the proceeds of certain life insurance policies insuring the life of Eddie Hadsell ("Hadsell"). Hadsell was the president of the debtor, Fuel Oil Supply and Terminaling, Inc., ("FOSTI") which is the subject of a chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the Southern District of Texas. At the time of Hadsell's death there were eight policies of insurance in force insuring his life for a total of thirteen million dollars. All of the policies were issued by the Philadelphia Life Insurance Company. Four of these policies in the aggregate face amount of five million dollars were owned, at all relevant times, by either Hadsell's widow, Erin, or his children by a prior marriage. The other four policies having a face value of eight million dollars were originally owned by the debtor who was also the beneficiary. The ownership of these policies was subsequently changed to Hadsell and his children made beneficiaries. FOSTI has alleged this change occurred by an application made to Philadelphia Life a few days before the bankruptcy case was filed and not acted upon until two weeks afterwards.

Upon Hadsell's death, litigation commenced between his children and widow over the right to the proceeds of all eight policies. Philadelphia Life ultimately interpleaded the funds into the registry of the state court and made defendants of all potential claimants, including FOSTI. FOSTI then removed the entire proceedings here. Subsequently, all parties agreed to remand to the state court those actions involving the four policies which were never owned by FOSTI. Erin and the children now urge that the remainder should be remanded.

In support of the motion to remand plaintiffs argue that this court lacks jurisdiction by reason of the Supreme Court's ruling in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). That argument is now foreclosed in view of the Fifth

Circuit's affirmance of the "Local Rule of the Northern District of Texas Concerning Bankruptcy Cases and Proceedings" in *Pension Benefit Guaranty Corporation, et al. v. Braniff Airways, Inc., et al.,* 700 F.2d 935 (5th Cir.1983).

 Plaintiffs also argue that the action of Philadelphia Life in making FOSTI a party was a violation of the automatic stay, 11 U.S.C. § 362, and therefore void. From this they ingeniously argue that since FOSTI was never a party to the suit it is ineligible to remove the case. The automatic stay is for the benefit of the debtor and if it chooses to ignore stay violations other parties cannot use such violations to their advantage. Moreover, the characterization of every violation of § 362 as being absolutely void is inaccurate and overly broad. For example, certain good faith actions under §§ 542(c) and 549(c) of the Bankruptcy Code are protected although they may be technical violations of the stay. This is also true for certain acts permitted under § 546 of the Code. More accurately, stay violations may be voidable at the debtor's or trustee's instance rather than absolutely void.

It is also asserted that removal was improper because this court lacks subject matter jurisdiction. That assertion requires an examination of the nature of the parties' claims. FOSTI claims the eight million in proceeds based upon theories of state law regarding constructive fraud and the bankruptcy Code causes of action governing fraudulent transfers, post bankruptcy transfers and violations of the automatic stay, respectively §§ 548, 549 and 362 of the Bankruptcy Code. Erin asserts her right to the proceeds under theories of fraud on the community property. The children assert claims as named beneficiaries under each of the policies.

The removal statute, 28 U.S.C. § 1478 provides in part:

"(A) A party may remove *any claim or cause of action* in a civil action . . . to the bankruptcy court for the district where such civil action is pending, *if the bankruptcy courts have jurisdiction over such claim or cause of action.*

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. [emphasis added]

The jurisdictional statute, 28 U.S.C. § 1471, gives the bankruptcy court jurisdiction over all civil proceedings arising under the Bankruptcy Code and arising in, or related to a bankruptcy case.

It is clear that FOSTI's claims both arise under title 11 and are related to its bankruptcy case. As to the "arising under" jurisdiction nothing needs to be said other than its claims arise under §§ 362, 548 and 549 of the Bankruptcy Code. Its claims are also related to the bankruptcy case because if successful the proceeds will become a part of the debtor's estate.

Erin and the children's claims do not meet any of the criteria for bankruptcy court jurisdiction. They are all exclusively state law claims, and to the extent they are successful among themselves no benefit will flow to the debtor's estate. None of the facts giving rise to their respective claims occurred in the bankruptcy case.

Section 1478 refers to "claims or causes of action" indicating that less than all of a pending state court action might be removed or remanded. This raises the question as to whether Erin's and the children's actions were properly removed because of lack of subject matter jurisdiction. The answer to that question involves an interpretation of the meaning of the phrase "claims or causes of action". If the term includes the claims of FOSTI, Erin, and the children, this court has jurisdiction, removal was proper and remand should occur only under the equitable consideration provisions of § 1478(b). On the other hand if Erin's and the children's claims are separate and independent from FOSTI's they should be remanded for lack of jurisdiction.

The phrase "claim or cause of action" in § 1478 should be interpreted to mean separate and independent causes of action. This interpretation evolves from 28 U.S.C. § 1441(c), the removal statute for the district courts. Section 1441(c) provides:

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

It has been suggested that an analogy should be drawn between these two removal statutes using the district court's statutory concept of splitting cases on the basis of separate and independent causes of action to determine whether the "claim or cause of action" is removable under § 1478. See 1 Collier on Bankruptcy, ¶ 3.01 (15th Ed. 1982). In the case of *Ford Motor Co. v. Transport Indemnity Co.,* 12 B.R. 143, 7 B.C.D. 466 (D.C.E.D.Mich., 1981), the court held that where two separate and independent causes of action were pending in the District Court, only the one over which the Bankruptcy Court had jurisdiction could be removed. One advantage of this common interpretation of the two statutes is that it makes available the large volume of precedent under § 1441(c).

■ The test used to determine if a separate and independent cause of action exists is whether there was one injury for which redress is sought, although under several theories. *American Fire and Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Application of the *Finn* doctrine to this case is difficult; however, one court in a case with similar facts has held that there is only one cause of action. In *Aetna Ins. Co. v. City of Malden,* 102 F.Supp. 126 (E.D.Mo., 1952) the fire insurance company interpleaded the policy proceeds naming as defendants the lessee and owner, both of whom claimed an interest in the proceeds. The owner filed a cross-action for the proceeds and for damages against the lessee on grounds that the lessee wilfully destroyed the premises. The lessee asked that the proceeds be used to repair the building. The Court held these were not separate and independent causes of action and therefore not removable. The court held there was only one injury, that is the fire destruction to the premises although redress was sought under various theories. Here the only injury is the loss of the policy proceeds which is also the only right (i.e. recovery of those proceeds) sought to be enforced by each of the parties although under various theories. Accordingly the causes of action of FOSTI, Erin and the children are not independent and therefore the bankruptcy court's jurisdiction over FOSTI's claims is sufficient to give jurisdiction over the others. It should be noted that the various claims to each policy are separate and independent causes of action from the claims to every other policy, but as between FOSTI, Erin and the children there is only one cause of action for each policy's proceeds.

■ Section 1478(b) provides that a claim or cause of action may be remanded to the state court on any equitable ground. The equitable factors mitigating in favor of remand here are the fact that Erin and the children's causes of action as to all eight policies have common questions of law and fact. The issues involved in their dispute are ones of state law to which they are entitled to a jury trial. Trial of those issues in the state court as to the four policies already remanded and trial of the other four in the bankruptcy court would cause duplication of effort and possibly conflicting results under the same facts. One purpose of the removal statute is to give the debtor an opportunity for a speedy resolution of issues which may affect its ability to reorganize. Remand here will not impede the debtor's reorganization efforts because as indicated by counsel at oral argument the cases are ready for trial in the state court. It is true that the bankruptcy court regularly deals with the specialized issues of fraudulent and post petition transfers and stay litigation; however, there is no reason why the state court cannot also try those issues. Congress did not give the bankruptcy court exclusive jurisdiction over such issues. On balance I am of the opinion the equities weigh in favor of remand based upon equitable grounds.

The ruling on the motion to remand makes the motion for a change of venue moot.