In the Matter of J & L TRANSPORT, INC., Debtor.

J & L TRANSPORT, INC., Plaintiff,

v.

CANAL INSURANCE COMPANY, Defendant.

Adv. No. 84–0328–11.

United States Bankruptcy Court, W.D. Wisconsin.

Jan. 14, 1985.

William A. Abbott, Bell, Metzner & Gierhart, S.C., Madison, Wis., for defendant.

Daniel A. Zazove, Towbin & Zazove, Ltd., Chicago, Ill., Brady Williamson, LaFollette, Sinykin, Anderson & Munson, Madison, Wis., for plaintiff.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

J & L Transport ("J & L") is an interstate trucking company which filed for bankruptcy under chapter 11 on November 13, 1984. It had purchased a Policy No. 11 89 62 ("insurance policy") for liability and property damage insurance from Canal Insurance Company ("Canal") on September 1, 1984. The policy provided for $600,000 coverage, the minimum amount required in 1984 by Wisconsin law for commercial carriers. On November 1, 1984 Canal mailed J & L a letter stating that because of an extraordinary number of claims filed by J & L during a three month period, Canal required information pertaining to verified loss runs. On December 6, 1984, after no information was received, Canal mailed J & L, J & L's customers and regulatory agencies of the states in which J & L operates a Notice of Cancellation of Policy No. 11 89 62, effective January 10, 1985. Canal did not learn of J & L's bankruptcy until after the Notice of Cancellation was mailed.

Canal cancelled the insurance policy pursuant to paragraph ten of the policy which provides, "[t]his policy may be cancelled by the company by mailing to the named insured ... written notice stating when not less than ten days thereafter such cancellation shall be effective...." [1]

J & L as debtor in possession, has moved for a preliminary injunction pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 7001(7), enjoining Canal from taking any

---

1. WIS.STAT. § 631.36(2) also governs Canal's cancellation. That statute provides,

(2) MIDTERM CANCELLATION. (a) *Permissible grounds.* Except as provided by par. (c), no insurance policy may be canceled by the

further action to effect the cancellation of the insurance policy and requiring Canal to provide notice that its prior notice of cancellation is ineffective. J & L asserts that the insurance policy is property of the debtor's estate under 11 U.S.C. § 541, and that the automatic stay under 11 U.S.C. § 362 renders the cancellation null and void. Canal argues that the insurance policy is not property of the debtor's estate because the insurer had the power to cancel the policy under section 10 of the policy, and that a court cannot reform a contract between an insurer and an insured to require continuation of coverage after the policy has been rightly cancelled.

In *In Re Cahokia Downs, Inc.*, 5 B.R. 529, 6 B.C.D. 925 (Bankr.S.D.Ill.1980), the court addressed a similar issue. In that case the debtor, a horse track, had entered into a contract for fire insurance with an insurance company in July, 1979. In October, 1979 the state racing commission cancelled racing dates at the debtor's track for the 1980 racing season. On April 2, 1980 an involuntary chapter 11 bankruptcy was filed against the debtor and an order for relief was entered. On April 11, 1980, the insurance company cancelled the policy pursuant to a clause in the policy allowing it to cancel upon thirty days notice, presumably because of the vacancy of the racing buildings due to the commission's earlier cancellation. The court found that the real reason for the attempted cancellation was the filing of the bankruptcy petition and held,

> In the instant case, there is no question but that a policy of insurance, especially one in which the premium has been paid, is a valid and binding contract between the insurance company and the insured and would constitute an asset of a bankruptcy estate.... The cancellation of the insurance would certainly come with-

in the provisions of the automatic stay under § 362(a)(3).

5 B.R. at 531. The court also found that the maintenance of insurance on the debtor's property was essential for the rehabilitation of the debtor and the protection of the creditors. Numerous other courts have held insurance policies to be property of debtors' estates;

> That insurance falls within the scope of the Debtor's 'property' is suggested by the expansive fashion in which property has been defined generally under the Code: ...
>
> ....
>
> ... is supported as well by decisional law holding that insurance constitutes property of the estate. (Cites omitted.)

*In Re Johns-Manville Corp.*, 40 B.R. 219, 230 (S.D.N.Y.1984), *aff'd, In Re Davis*, 730 F.2d 176 (5th Cir.1984). *See also In Re Pearl-Wick Corp.*, 15 B.R. 143 (Bankr.S.D.N.Y.1981), *aff'd*, 26 B.R. 604 (S.D.N.Y. 1982), *aff'd*, 697 F.2d 295 (2nd Cir.1982); *In Re Bragg's Electric Const. Co.*, 6 B.R. 619 (Bankr.E.D.Ark.1980).

■ In the instant case J & L had sufficient "property interest" in the insurance policy prior to bankruptcy to render it part of the estate under section 541 upon filing. J & L has been current on all of its premiums under the insurance policy and is not now in monetary or other effective default. Additionally, the maintenance of insurance on J & L's drivers is essential to its successful rehabilitation.

■ Section 362(a)(3) stays, "any act to obtain possession of property of the estate ... or to exercise control over property of the estate." Canal's attempt to cancel J & L's insurance policy subsequent to J & L's filing was in violation of the stay. Acts in violation of the stay are void *ab initio* regardless of lack of knowledge of the

---

insurer prior to the expiration of the agreed term or one year from the effective date of the policy or renewal, whichever is less, except for failure to pay a premium when due or on grounds stated in the policy, which must be comprehended within one of the following classes:

....

2. Substantial change in the risk assumed, except to the extent that the insurer could reasonably have foreseen the change or contemplated the risk in writing the contract....

filing of the petition. *In Re Advent Corp.*, 24 B.R. 612, 614, 9 B.C.D. 1103 (1st Cir. 1982). Accordingly, Canal's attempt at cancellation is of no effect and that insurance policy remains in force.

A preliminary injunction is appropriate in this case. That determination is based on four factors: whether the plaintiff has an adequate remedy at law or will be irreparably harmed if the injunction is not granted, whether the injury threatened to the plaintiff outweighs the harm defendant will suffer if an injunction is granted, whether the plaintiff has a reasonable likelihood of success on the merit, and whether granting an injunction will disserve public interest. *Technical Pub. Co. v. Lebhar-Friedman, Inc.*, 729 F.2d 1136 (7th Cir.1984).

Wisconsin state law and common business sense necessitate liability insurance for trucking concerns. Evidence has been presented that J & L may be unable to obtain replacement insurance prior to January 10, 1985. Without insurance J & L cannot operate and its successful reorganization under chapter 11 would be precluded. Both J & L and its creditors will be irreparably harmed unless a preliminary injunction is granted. This harm clearly outweighs any harms Canal will suffer by continuing to insure J & L since J & L is current under its payments to Canal under the insurance policy. In light of the analysis above, there is a reasonable likelihood that J & L will succeed on the merits of its complaint. Finally, to the extent public interest is involved, it will not be harmed by the granting of injunctive relief.

It will therefore be provided by separate order that Canal Insurance Company, its agents, employes, and officers shall be enjoined from cancelling Canal Insurance Policy No. 11 89 62 pursuant to the notice given December 6, 1984. It will be further ordered that Canal Insurance Company be directed to rescind its Notice of Cancellation and to provide Notice of Reinstatement to each and every entity and person previously notified by Canal Insurance Company of the cancellation of Canal Insurance Policy No. 11 89 62. The prelimi-

nary injunction will become permanent within ten days from the date of the order unless a request for the conduct of a full trial is filed with the clerk of this court.