**In re Howard Dennis SAPP and Delores June Burns Sapp, Debtors.**

**Howard Dennis SAPP and Delores June Burns Sapp, Plaintiffs,**

v.

**Timothy E. WILSON, Roberta A. Wilson, Anthony L. Anderson and Beulah M. Anderson, Defendants.**

**Bankruptcy No. 86–01018–BKC–J13. Adv. No. 87–0155–BKC–J13.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Oct. 7, 1988.

## MEMORANDUM OPINION

JAMES J. BARTA, Chief Judge.

The matter being considered here is the Plaintiff/Debtors' complaint for damages against Timothy and Roberta Wilson and Anthony and Beulah Anderson. The Plaintiffs' complaint prays for damages allegedly resulting from a violation of the automatic stay and from an alleged breach of duty by a notary public. In addition, the Plaintiffs seek to set aside a warranty deed and to quiet title to certain real property.

This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(G) and (O), 28 U.S.C. § 1334 and Rule 29 of the Local Rules of Court for the District Court for the Eastern District of Missouri. The parties have contested several of the facts in this matter. This Memorandum Opinion is prepared after a consideration of the record as a whole and the testimony and evidence presented at trial.

The Plaintiffs, Howard and Delores Sapp entered into an agreement with Timothy and Roberta Wilson whereby the Plaintiffs were to obtain an ownership interest in certain real property. During the trial of this matter, Mrs. Sapp referred to this arrangement as an "equity participation" plan. Under the terms of a document entitled "Co–Tenancy Agreement", the Sapps were to be tenants in common with the Wilsons in a parcel of improved real estate in St. Louis County. The Sapps were obligated to lease the property, paying a monthly rent to the Wilsons in addition to a payment to be credited toward the eventual purchase of the property. The parties' agreement included a formula for determining the actual purchase price in the event that the Sapps purchased the Wilsons' interest in the property.

The evidence established that the parties entered into this agreement on January 30, 1986. On that date, the Plaintiffs appeared at the law offices of the Defendant, Anthony L. Anderson, and executed a "Warranty Deed In Lieu of Foreclosure". The Plaintiffs signed this deed in the presence of the

Anthony L. Anderson, Clayton, Mo., pro se.

T.J. Mullin, Clayton, Mo., for plaintiffs/debtors.

Eileen Voss, St. Louis, Mo., trustee.

Defendant, Beulah Anderson, a Missouri notary public. Beulah Anderson then notarized the documents. On the same date, January 30, 1986, the Plaintiffs signed the Co–Tenancy Agreement. However, the parties agreed that the Co–Tenancy Agreement would bear the date of December 19, 1985.

Pursuant to the Co–Tenancy Agreement, the Plaintiffs were to make monthly payments to the Wilsons. In the event of default, the Wilsons retained the option to notify Defendant, Anthony Anderson, that the warranty deed in lieu of foreclosure was to be recorded. The agreement specifically directed Anthony Anderson to hold the warranty deed in escrow until instructed to act.

The Plaintiffs made several payments under the agreement. They had been instructed to pay these monies into an account at a local bank. After making several monthly payments in this manner, the Plaintiffs were notified that the account had been closed. A person identified only as Joanie advised the Plaintiffs that she was to collect the payment directly from them, disregarding the earlier agreement to deposit monies into the bank account. The Plaintiffs were unwilling to make their payments to an unknown individual. Although the individual identified as Joanie may have been the "manager" referred to in the Co–Tenancy Agreement, the evidence at trial did not positively identify her as such.

As a result of the Plaintiffs' failure to make payments to the closed bank account or to the individual identified as Joanie, the Defendants deemed the Plaintiffs to be in default under the Co–Tenancy Agreement. On May 2, 1986, the Plaintiffs filed a voluntary joint petition for relief under Chapter 13 of the Bankruptcy Code. One week later on May 9, 1986, at the direction of the Wilsons, Anthony Anderson caused the warranty deed in lieu of foreclosure to be recorded with the St. Louis County Recorder of Deeds.

Thereafter, the Wilsons filed a motion for relief from the automatic stay to permit them to bring an action for unlawful detainer against the Debtors. The motion contained no reference to the fact that the warranty deed had been recorded after commencement of this Bankruptcy case. The Wilsons prosecuted the unlawful detainer action to a judgment against the Debtors.

The filing of the warranty deed in lieu of foreclosure was clearly in violation of the automatic stay. 11 U.S.C. § 362(a). The Wilson motion for relief from the automatic stay neither addressed this violation nor requested retroactive relief which might have corrected the violation. The Court's order granting relief from the automatic stay to the Defendants can neither validate nor approve the unlawful post-petition action.

Although there is some disagreement among the courts, it is generally accepted that actions taken in violation of the automatic stay are not void but voidable. *In re Brooks*, 79 B.R. 479 (9th Cir.B.A.P., 1987). In the matter being considered here, the parties' written agreement referred to a grant of a deed of trust by the Plaintiffs to the Defendants; and that upon default, Defendants were to be permitted certain remedies, including foreclosure. However, there is no indication that a deed of trust was entered into by these parties. The testimony at this trial clearly indicated that the Debtors' interest in this property was not to be conveyed to the Defendants until the occurrence of certain conditions precedent. One of these optional conditions allowed the Defendants to instruct Anthony Anderson to record the warranty deed in lieu of foreclosure. The Defendants had not exercised this option prior to the commencement of this case. Therefore, the Defendants' post-petition recordation of the warranty deed was in violation of the automatic stay and was an improper transfer of estate assets and will be avoided for the benefit of this estate.

The Plaintiffs have also requested a judgment for money damages as a result of the violation of the automatic stay. Such an award is allowed pursuant to Section 362(h) if the violation was willfull. A willfull violation may occur when a party

acts with knowledge of the filing of the Bankruptcy petition. *In re Allen*, 83 B.R. 678 (B.Ed.Mo.1988). The record in this case did not establish that any of the Defendants acted with knowledge of the commencement of this case. Therefore, the Plaintiffs' request for money damages will be denied.

Plaintiffs also request a judgment against Beulah M. Anderson for violation of her responsibilities and duties as a notary public. The evidence established that Beulah Anderson notarized the Debtors' signatures on the date set out in the documents produced at trial. This action did not give rise to a breach of duty. The Plaintiffs argued further that Beulah Anderson failed to maintain a record of her notarial acts. Even if she had in fact failed to keep such a record, the Plaintiffs have not shown that this resulted in any harm for which damages may be recovered.

In the final Count of their complaint, the Plaintiffs allege that the Defendants committed fraud. They assert that the Defendants acted in concert to complete an unexecuted, undated and incomplete warranty deed in lieu of foreclosure. The prayer asks the Court to quiet title to the property and to divest the Defendants of their interest therein.

The allegations of fraud in this complaint were not substantiated at the trial. Mrs. Sapp testified that she had not read the documents she signed in Mr. Anderson's office. The record does not support the allegation that the documents were signed in blank. Nor do notations written on the face of a copy of the warranty deed add credence to the allegations of fraud. The notations are consistent with the parties' agreement that Mr. Anderson was to retain the deed to be filed only upon the Defendants' instructions. Therefore, the Plaintiffs' request for relief based upon alleged fraud will be denied.

By a separate Order, judgment is being entered consistent with the determinations in this Memorandum Opinion.

## ORDER

Upon consideration of the record as a whole, and consistent with the Memorandum Opinion entered in this matter,

IT IS ORDERED that this hearing be concluded; and

That upon Count I of this complaint, judgment is entered in part for the Plaintiffs, Howard Dennis Sapp and Delores June Burns Sapp, and against the Defendants, Timothy E. Wilson, Roberta A. Wilson, Anthony L. Anderson and Beulah M. Anderson, in that the Defendants' post-petition filing of a certain warranty deed in lieu of foreclosure with the St. Louis County Recorder of Deeds Office be and hereby is set aside; and that said filing of said deed is void and of no legal effect as a post-petition transfer in violation of the automatic stay, pursuant to 11 U.S.C. § 362 and § 549; and that the Plaintiffs' remaining requests in this Count are denied; and

That as to Count II of this complaint, judgment is entered in favor of the Defendant, Beulah M. Anderson, and against the Plaintiffs in that Plaintiffs' request for a money judgment for breach of certain duties as a notary public is denied; and

That upon Count III of this complaint, Plaintiffs' request to set aside a certain deed and to quiet title to certain real property is denied as moot, said deed having been avoided by the judgment in Count I; and

That the Plaintiffs' other requests in this complaint are denied without prejudice.