**Robert A. SIKES and Janice K. Sikes,**
**Plaintiffs–Appellants,**

v.

**GLOBAL MARINE, INC., et al.,**
**Defendants–Appellees.**

**No. 88–2160.**

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1989.

Rehearing and Rehearing En Banc
Denied Oct. 11, 1989.

Bruce W. Bain, Houston, Tex., for plaintiffs-appellants.

M. Susan Hardie, Marion E. McDaniel, Jr., Houston, Tex., for defendants-appellees.

Before RUBIN, POLITZ, and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

Robert A. Sikes and Janice K. Sikes appeal a judgment granting a Fed.R.Civ.P. 12(b)(6) dismissal of their demands against Global Marine, Inc. and Global Marine Drilling Company (collectively, Global) on the ground that their complaint was filed in violation of an automatic stay in bankruptcy, 11 U.S.C. § 362(a). Concluding that the bankruptcy court validated the filing and authorized the Sikes to proceed with their complaint, we reverse and remand.

*Background*

On March 6, 1986, the Sikes filed suit against Global and other defendants for injuries allegedly sustained by Robert A. Sikes on April 12, 1983, while aboard the vessel M/V GLOMAR HIGH ISLAND III. Unbeknownst to the Sikes, on January 27, 1986 Global had filed voluntary petitions in bankruptcy under Chapter 11 of the Bankruptcy Code. As a consequence, their claim was automatically stayed by 11 U.S.C. § 362(a).[1]

The Sikes promptly sought relief from the automatic stay from the bankruptcy court, and an extension of the time for service of the complaint from the district court. Accrual of the three-year limitations was imminent. Global objected in district court to the extension of time for service, contending that the original complaint was null and void. In the bankruptcy court Global asked that the stay not be modified until resolution of a coverage dispute with their insurance carriers. Global further requested that the stay not be lifted pending their transition to debtor-in-possession status.

Approximately nine months later Global resolved the insurance dispute and agreed to a modification of the stay. On February 18, 1987, the bankruptcy court entered an order lifting the stay for 32 causes listed on Exhibit A attached to the order, all identified as matters for which motions to lift stay were pending. The order lifted the stay "for the limited purpose of allowing certain actions to be commenced against Global and allowing discovery to proceed in those actions." The Sikes' claim is listed as number 27 on Exhibit A. In a significant number of the other claims, suit had been filed after the Chapter 11 petitions were filed. Shortly thereafter the original complaint was served on Global.

---

1. 11 U.S.C. § 362(a), in part, provides:
   (a) Except as provided in subsection (b) of the section, a petition filed under section 301, 302 or 303 of this title ... operates as a stay, applicable to all entities, of—(1) the commencement or continuation, including the issuance or employment of process, of a judi-

cial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title....

Global moved to dismiss the Sikes complaint, contending that the original complaint was filed in violation of the automatic stay and was thus null and void. The Sikes filed a new lawsuit and moved for consolidation. Global opposed consolidation on the grounds that the second complaint was barred by the statute of limitations.

On September 25, 1987 the bankruptcy court entered an agreed order, prepared by counsel for Global, modifying the automatic stay. The preamble to the order announced: "CAME ON FOR CONSIDERATION for hearing the various motions to lift the automatic stay to allow personal injury actions to go forward, as identified in Exhibit A attached hereto." The Sikes' claim is listed as number 26 on the exhibit, this time containing 45 claims. The order declared

> that the automatic stay as provided by section 362 of the Bankruptcy Code be further modified with regard to those Motions to Lift Stay identified in Exhibit A for the limited purpose of allowing the personal injury actions identified therein to be commenced against Global, permitting personal injury actions that are pending against Global to proceed, allowing discovery to proceed in those actions, and allowing trials to proceed.

The court prohibited any attempts to enforce or collect on any judgment without further approval of the court.

In urging the motions to dismiss Global maintained that the orders of the bankruptcy court did not validate the earlier filing, that a new filing was necessary. After granting Global's motions to dismiss the district court made the requisite Fed.R. Civ.P. 54(b) determination and the Sikes appealed.

### Analysis

■ A threshold consideration is whether the filing of the Sikes complaint in violation of the automatic stay is void, in the strict sense of that term, or merely voidable. By strict definition that which is void is nugatory and of no effect and cannot be cured; that which is voidable may be either voided or cured. *Black's Law Dictionary,* 1411 (5th ed. 1979); *In re Oliver,* 38 B.R. 245 (Bankr.Minn.1984). We early observed in *Haggart v. Wilczinski,* 143 F. 22, 27 (5th Cir.1906), that when "technical accuracy is desired, the term 'void' can only be properly applied to those [transactions] ... that are of no effect whatsoever, mere nullities, ... and therefore incapable of confirmation or ratification."

The distinction between the terms is much less precise and clear in practical usage. Courts considering whether actions taken in violation of the automatic stay are void or voidable have reached opposite conclusions. Some courts have concluded that actions which violate the automatic stay are void, and therefore incurable. *Miller v. Savings Bank of Baltimore,* 10 B.R. 778 (Bankr.D.Md.1981); *Advent Corp. v. Fidelity & Deposit Company of Maryland,* 24 B.R. 612 (Bankr. 1st Cir.1982); 2 *Collier on Bankruptcy,* 362.11 (15th ed. 1979) (citing cases which hold that actions taken in violation of the stay are void and without effect). Other courts have concluded that the violative actions are merely voidable, and capable of discretionary cure. *In re Fuel Oil Supply and Terminaling, Inc.,* 30 B.R. 360 (Bankr.N.D.Tex.1983); *In re Oliver; In re Brooks,* 79 B.R. 479 (9th Cir.BAP 1987); *In re Sapp,* 91 B.R. 520 (Bankr.E.D.Mo.1988).

We are persuaded that the better reasoned rule characterizes acts taken in violation of the automatic stay as voidable rather than void. We agree that "the characterization of every violation of section 362 as being absolutely void is inaccurate and overly broad." *Fuel Oil Supply,* 30 B.R. at 362.

■ In section 362(d) Congress empowered the court to grant relief from the automatic stay "by terminating, annulling, modifying, or conditioning" the stay. The power to annul authorizes retroactive relief even unto the date of the filing of the petition giving rise to the automatic stay. The power to annul authorizes the court to validate actions taken subsequent to the impressing of the section 362(a) stay. Our colleagues in the Eleventh Circuit reached

this conclusion in *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984) declaring that section 362(d)

> expressly grants bankruptcy courts the option, in fashioning appropriate relief, of "annulling" the automatic stay, in addition to merely "terminating" it. The word "annulling" in this provision evidently contemplates the power of bankruptcy courts to grant relief from the stay which has retroactive effect; otherwise its inclusion, next to "terminating," would be superfluous.

749 F.2d at 675. We agree. So does one preeminent secondary authority:

> In addition to the obvious power to "terminate" the stay, [§ 362(d)] also gives the bankruptcy court the power to "annul" the stay. The difference between the two is that an order annulling the stay could operate retroactively to the date of the filing of the petition which gave rise to the stay, and thus validate actions taken by the party at a time when he may have been unaware of the existence of the stay. On the other hand, an order terminating the stay would be operative only from the date of its entry.

2 *Collier's Bankruptcy Manual,* § 362.06 (3d ed. 1983).

We find instructive the fact that the Bankruptcy Code specifically protects certain actions taken in violation of the automatic stay. Under section 549 some transactions made in violation of the stay will be deemed valid unless voided at the trustee's discretion. 11 U.S.C. § 549 ("the trustee may avoid a transfer of property of the estate—(1) that occurs after the commencement of the case ..."). Section 542(c) ratifies transfers by parties having no knowledge of the bankruptcy case. 11 U.S.C. § 542(c). If everything done post-petition were void in the strict sense of the word, these provisions would either be meaning-

less or inconsistent with the specific mandate of section 362(a). We reject both alternatives in concluding that filing a complaint in an unknowing violation of the automatic stay is voidable, not void.[2]

Having concluded that the initial filing of the Sikes complaint was merely voidable, we must determine whether the bankruptcy court intended to validate the filing of the original complaint. We conclude that it did. In entering its orders on February 18, 1987 and again on September 25, 1987, the bankruptcy court referred to those cases in which motions to lift stay had been filed. Those cases were identified by name of the claimants and the names and addresses of claimants' counsel. The court specifically allowed actions to commence and allowed pending actions to proceed. We are bound to assume, absent clear demonstration to the contrary, that the bankruptcy court was aware of the filing date of the respective complaints. Aware of the filing date of the Sikes complaint, the bankruptcy court permitted it to proceed.

We recognize that the order was an *en globo* order, one which did not differentiate between claims filed and those not yet filed, or complaints served and those not yet served. The order authorized the identified claims to "go forward," "commence," "proceed." As we perceive the orders, they contemplated an appropriate application to each case, eliminating the necessity for 32 separate orders in February, increased to 45 orders by September.

When the Sikes filed their complaint they were unaware of the bankruptcy petitions. Upon learning of the automatic stay they moved the court for relief from the stay. The bankruptcy court granted that relief. We find the court's intent clear—it was permitting these claims to proceed to judg-

---

**2.** Our decision today does not conflict with the Supreme Court's holding in *Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 346, 84 L.Ed. 370 (1940), involving a post-petition real property foreclosure action, where the Court stated: "[T]he action of the Walworth County Court was not merely erroneous but was beyond its power, void, and subject to collateral attack." When the Supreme Court decided *Kalb* in 1940, bankruptcy referees had the express statutory power only to modify or terminate the automatic stay. The power to annul the stay had not been authorized. Accordingly, where the violation of the stay was statutorily proscribed and an applicable exception did not exist, the violative action was void. That scenario no longer applies.

ment. We decline to accept Global's argument that the order merely allowed the Sikes permission to refile their complaint. We perceive no valid purpose to be served by requiring that the Sikes file more papers with an already burdened court. Nor are we prepared to burden the Sikes with adverse effects flowing from any imprecision in the language of the order which Global prepared.

We hold that the filing of the Sikes' complaint was a voidable action and that the bankruptcy court had the option to validate it. We further hold that the bankruptcy court validated the filing when it granted the Sikes relief from stay in its order of February 18, 1984, as restated and reinforced in its order of September 25, 1987.

We REVERSE and REMAND for further proceedings consistent herewith.

JOHNSON, Circuit Judge, dissenting:

In entering its agreed orders modifying the automatic stay in the instant case, the bankruptcy court, in its first order, allowed the commencement of certain personal injury actions against the debtor Global and, in its subsequent order, allowed those actions to proceed forward. The majority today concludes that, on the basis of the above orders, the bankruptcy court validated the otherwise void filing of the personal injury complaint of the Sikes in violation of the automatic stay. Persuaded that the above conclusion interprets too broadly the relevant orders of the bankruptcy court and contravenes the fundamental purpose underlying the automatic stay in bankruptcy, I respectfully dissent.

In general, "[a]cts in violation of the [automatic] stay are void ab initio regardless of lack of knowledge of the filing of the petition." *Matter of J & L Transport, Inc.*, 47 B.R. 51, 52–53 (Bkrtcy.W.D.Wis. 1985). The majority, however, states that such acts are in some instances voidable, instead of void, by virtue of the express powers granted to the bankruptcy court in Section 362(d) of the Bankruptcy Code to grant relief from the automatic stay "by terminating, annulling, modifying, or condi-

tioning" the stay. While in agreement with the proposition that a bankruptcy court may validate an otherwise void filing in violation of the automatic stay, I am not persuaded that such was the intent of the bankruptcy court in the instant case for the following reasons.

After several parties petitioned the bankruptcy court for relief from the automatic stay triggered by the filing by Global for bankruptcy relief, the bankruptcy court, pursuant to an agreed order entered on February 18, 1987, modified the automatic stay "for the *limited* purpose of allowing [certain] personal injury actions ... to be commenced against Global and allowing discovery to proceed in those actions." Among those personal injury actions allowed to be commenced by the February 18 order, as identified in the attachment to that order, was the personal injury action of the Sikes against Global. In so identifying the action of the Sikes in the February 18 order, however, the bankruptcy court did not refer to the cause number of the previous complaint filed by the Sikes in violation of the automatic stay. Thereafter, the bankruptcy court entered another agreed order on September 25, 1987, further modifying the automatic stay for the limited purpose of allowing "personal injury actions that are pending against Global to proceed, allowing discovery to proceed in those actions, and allowing trials to proceed." Contrary to the conclusion reached by the majority today, I am persuaded that the express language of the February 18 order of the bankruptcy court only allowed the *commencement* of personal injury actions against Global. Thereafter, the September 25 order allowed the continuation of previous personal injury actions already *validly* filed against Global by virtue of the earlier modification of the automatic stay by the February 18 order. In this regard, the agreed orders of the bankruptcy court did not relate back to the initial filing by the Sikes of their complaint in violation of the automatic stay and validate that filing. To infer such a radical form of relief from the limited actions of the bankruptcy court contravenes a fundamental purpose of the automatic stay in

bankruptcy—that purpose being to provide the debtor with relief from his creditors and their collection efforts.

This is not to say that a bankruptcy court may never validate otherwise void filings should it choose to do so; the majority opinion ably sets forth the powers of the bankruptcy court in this regard. Nevertheless, this Court should not imply such relief from the automatic stay in the absence of an express intent by the bankruptcy court to afford that relief. If the bankruptcy court in the instant case had intended to validate otherwise void filings in violation of the automatic stay, it could have expressly provided for such relief through the inclusion of specific language to such effect in its orders. It did not do so. Accordingly, I respectfully dissent.