**In re SERVICO, INC., et al., Debtors.**

**NEW ORLEANS AIRPORT MOTEL ASSOCIATES, LTD., Plaintiff,**

**v.**

**Harry LEE, Sheriff and Ex–Officio Tax Collector, Parish of Jefferson, Louisiana, and Jim McNamara, doing business as McNamara Investment Corporation, Defendants.**

Bankruptcy No. 90–36655–BKC–AJC.
Adv. No. 91–0805–BKC–AJC–A.

United States Bankruptcy Court,
S.D. Florida.

Aug. 31, 1992.

---

Harold D. Moorefield, Jr., Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Miami, Fla., for Servico, Inc., et al.

Sidney H. Cates, IV, New Orleans, La., for defendant McNamara.

Ken Fonte, Metairie, La., for defendant Lee.

### ORDER PARTIALLY GRANTING DEBTOR'S MOTION FOR SUMMARY JUDGMENT

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE was heard on October 30, 1991 upon the motion for summary judgment filed by the Debtor, New Orleans Airport Motel Associates, Ltd. In the underlying adversary proceeding, the Debtor seeks to set aside a purported postpetition tax sale of its hotel property by Harry Lee ("Lee"), the sheriff and tax collector of Jefferson Parish, Louisiana, to Jim McNamara ("McNamara").[1]

FACTS

As of the date the Debtor's petition was filed, September 18, 1990, the Debtor owned the disputed hotel property, located in Kenner, Louisiana, which was purportedly sold. On January 15, 1991, Lee was sent notice of the filing of the Debtor's bankruptcy case, the meeting of creditors and a proof of claim form. On May 29, 1991, notwithstanding this notice and the automatic stay, Lee purported to sell the hotel property, by way of a tax deed, to McNamara who denies knowledge of the Debtor's bankruptcy at the time of the purported sale.[2] McNamara recorded the tax deed on July 2, 1991.

ANALYSIS

McNamara concedes that the automatic stay provided by 11 U.S.C. § 362 has been violated but argues that the sale is not void, and may not be avoided, since the transfer is within 11 U.S.C. § 549(c). The Debtor argues that § 549 is not applicable to acts in violation of the automatic stay, such as the purported sale, since all acts in violation of the automatic stay are void.[3]

11 U.S.C. § 549 provides, in part:

(a) Except as provided in subsection ... (c) of this section, the trustee may avoid a transfer of property of the estate ... that occurs after the commencement of the case ... that is not authorized under this title or by the court.

(c) The trustee may not avoid under subsection (a) of this section a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property maybe recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to the interest of such good faith purchaser.

---

1. Lee has not responded to the Complaint, nor was he present at the hearing. Thus, most of the allegations in the Complaint are deemed admitted by Lee. *See* Fed.R.Civ.P. 8(d) *and* Bankruptcy Rule 7008.

2. When McNamara first learned of the Debtor's bankruptcy is an unresolved issue.

3. The Debtor may also have a case for avoiding the purported tax sale as a fraudulent transfer under the *Durrett* doctrine. The hotel was sold for $50,914.89 at the tax sale and has a gross value of approximately $7,500,000. *See, e.g., In re Littleton,* 888 F.2d 90 (11th Cir.1989) (qualifying applicability of *Durrett v. Washington Nat'l Ins. Co.,* 621 F.2d 201 (5th Cir.1980)).

(d) An action or proceeding under this section may not be commenced after the earlier of—(1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed or dismissed.

The United States Court of Appeals for the Eleventh Circuit has twice addressed the issue of the characterization of acts in violation of the automatic stay. In *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir.1984), the court stated, in dicta, that "acts taken in violation of the automatic stay are *generally* deemed void and without effect." (emphasis added). The court in *Albany Partners* relied in part on *Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982), which held, without qualification, that "[a]ctions taken in violation of the automatic stay are void and without effect." Thus, since we have 1984 dicta stating that acts in violation of the automatic stay are generally void and a 1982 holding that such acts are absolutely void, the characterization of such acts has been rendered unclear.

If acts in violation of the automatic stay are determined to be generally void, the next question, *a fortiori*, is whether this particular act, the purported sale, is void. If this particular act is void or if it is determined that all acts in violation of the automatic stay are void, § 549 is not applicable since there will not have been "a transfer of property of the estate" for purposes of § 549(a). An understanding of the purpose of the automatic stay is crucial to determining how to characterize acts in violation of the automatic stay.

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

*In re Schwartz*, 954 F.2d 569, 571 (9th Cir.1992) (quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1978)). *Accord Carver v. Carver*, 954 F.2d 1573, 1576 (11th Cir.1992); *Brock v. Rusco Industries, Inc.*, 842 F.2d 270, 273 (11th Cir.1988) *cert. denied* 488 U.S. 889, 109 S.Ct. 221, 102 L.Ed.2d 212 (1988); *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1207 (3rd Cir.1991).

The purpose of the automatic stay will be implemented by declaring void all acts in violation of the automatic stay. If some acts in violation of the automatic stay were not void, debtors would have to affirmatively challenge such acts if they wished to avoid them. *Accord Schwartz*, 954 F.2d at 571–2; *Maritime*, 959 F.2d at 1207. Such affirmative action by debtors, and concomitant expenditures of mental and monetary resources, would be contrary to the purpose of the automatic stay. *Accord id.* Moreover, by declaring void all violations of the automatic stay, creditors will be deterred from acting in violation of the automatic stay. *Accord id.* Finally, by declaring void all violations of the automatic stay, the equal treatment for like creditors theme of the Bankruptcy Code will be implemented. *See, e.g., Carver*, 954 F.2d at 1576. With regard to the instant transfer, the effect of the uncertainty of its character—whether it is void or not—has been to cloud the Debtor's title to the hotel property. This has hindered the Debtor's ability to successfully reorganize.[4] Problems like this will be avoided, and the purpose of the automatic stay implemented, by declaring void all acts in violation of the automatic stay.

Moreover, were this Court to characterize acts in violation of the stay as not absolutely void, § 549(d) and § 362 would conflict. Section 549(d) sets time limits within which a § 549 action must be brought. However, § 362 does not contain such time limits. *Price v. Rochford*, 947 F.2d 829, 831 (7th Cir.1991); *In re R. & L. Cartage & Sons, Inc.*, 118 B.R. 646, 651 (Bankr.N.D.Ind.1990); *In re Elliot*, 81 B.R.

---

**4.** This cloud has had a negative effect on the Debtor's ability to use this property and has precluded the Debtor from closing a loan modi-fication with its secured lender, Bell Atlantic Tricon Leasing Corporation.

460, 463 (Bankr.N.D.Ill.1987). Were acts in violation of the automatic stay not absolutely void and § 549 applicable, the time limits contained in § 549(d) would, effectively, limit the time within which one could bring an action pursuant to § 362. A conflict of this magnitude would be untenable.

Opponents of the absolutely void viewpoint argue that the absolutely void viewpoint is inconsistent with § 549(a) since it applies to unauthorized postpetition transfers of property of the estate, which allegedly includes transfers in violation of the automatic stay. *See, e.g., Sikes v. Global Marine, Inc.*, 881 F.2d 176, 179 (5th Cir. 1989). This Court rejects this argument. Although § 549(a) could be interpreted this way, such construction would be, for the reasons discussed above, contrary to the purpose of the automatic stay. *Accord Schwartz*, 954 F.2d at 573–74; *In re Garcia*, 109 B.R. 335, 338–9 (N.D.Ill.1989). Rather, this Court interprets § 549(a) to apply to postpetition transfers of property of the estate which are neither authorized, *nor expressly prohibited. Accord id.* Under this interpretation, § 549(a) does not apply to transfers in violation of the automatic stay since this is a transfer which is expressly prohibited. However, § 549(a) still applies to, for example, transfers of property of the estate allegedly not in the "ordinary course of business", for purposes of 11 U.S.C. § 363(c)(1). This interpretation of § 549(a) is consistent with both § 362 and § 549(a).

█ Section 362(d) is also alleged by opponents of the absolutely void viewpoint to be evidence that not all acts in violation of the automatic stay are void. *See, e.g., Sikes*, 881 F.2d at 178–79. This is a superficial argument. Section 362(d) permits,

*inter alia*, retroactive relief from the automatic stay, via annulment, in certain circumstances.[5] When the stay is annulled, the act which would have been in violation of the stay is permitted. However, when the stay is annulled, *there is no violation of the stay. Accord Schwartz*, 954 F.2d at 572–73. Therefore, annulment of the stay has no bearing on the character of an act in violation of the stay.[6]

Opponents of the absolutely void viewpoint argue further that the absolutely void viewpoint is inconsistent with § 549(c) which is allegedly an exception to the rule that all violations of the automatic stay are void. *See, e.g., Sikes*, 881 F.2d at 179. This Court also rejects this argument. Were § 549(c) type transfers that were in violation of the automatic stay intended not to be void, such acts would qualify under either §§ 362(b) or (d).[7]

█ This Court is not unsympathetic to § 549(c) type purchasers. At a minimum, these purchasers will be afforded equitable relief if the transfer is set aside as a violation of the automatic stay. Alternatively, these purchasers may seek, and might qualify for, § 362(d) annulment in which case the transfer would not be set aside as a violation of the automatic stay. This Court is aware that if the automatic stay is annulled in cases where the purchaser fits within § 549(c), it will have reached the same result as if such transfers were initially declared not void. However, this is not a distinction without a difference. By holding all acts in violation of the automatic stay to be void, but considering § 362(d) annulment of the stay as to certain purchasers, the burden of bringing an action to characterize the transfer has shifted to the purchaser and the purposes

5. It may very well be that McNamara is entitled to an annulment of the stay, however, he has not requested such relief. *See Albany Partners*, 749 F.2d at 675 ("[Section] 362 permits bankruptcy courts, in appropriately *limited* circumstances, to grant retroactive relief from the automatic stay.") (emphasis in original).

6. A few cases have provided relief from the automatic stay via the bankruptcy courts' broad equitable powers. *See, e.g., Matthews v. Rosene*, 739 F.2d 249, 251–52 (7th Cir.1984); *In re Smith*

*Corset Shops, Inc.*, 696 F.2d 971, 976–77 (1st Cir.1982). Although the nomenclature for this type of relief is "equitable exception", the existence of this type relief does not demonstrate that some violations of the automatic stay are not void. This relief functions just like an annulment which, as just concluded, is not an exception to the rule that all violations of the automatic stay are void.

7. See f.n. 5.

of the automatic stay, as discussed above, are implemented. For the foregoing reasons, it is

ORDERED that:

1) the Debtor's motion for summary judgment is granted to the extent that it seeks to:

a) characterize all acts in violation of the automatic stay, as provided by 11 U.S.C. § 362, as void, and

b) declare 11 U.S.C. § 549 not applicable to transfers in violation of the automatic stay, even where the transfer is allegedly within § 549(c); and

2) the parties shall schedule a hearing to resolve the remaining issues.

DONE AND ORDERED.