Bahram KHOZAI, Appellant,

v.

RESOLUTION TRUST CORPORATION,
for Centrust Mortgage Corporation,
Appellee.

Civ. A. No. 94–1401–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Jan. 27, 1995.

Patrick John Blackburn, Oakton, VA, for appellant.

Robert F. Horan, III, Fairfax, VA, for appellee.

## MEMORANDUM OPINION

CACHERIS, Chief Judge.

This matter is before the Court on Appellant Bahram Khozai's appeal from the Bankruptcy Court's Order validating a foreclosure sale and dismissing Appellant's case with prejudice. Appellant contends that the foreclosure sale was invalid because it occurred while an automatic stay was in force. Additionally, Appellant argues that the Bankruptcy Court erroneously dismissed the case with prejudice upon a finding that Appellant had abused the bankruptcy process.

This appeal arises from the following fact situation. On March 24, 1994, Bahram Khozai filed a petition under Chapter 11 of the Bankruptcy Code.[1] Although an automatic stay became effective on that date, the RTC, lacking notice of Appellant's bankruptcy filing, sold Appellant's property at a foreclosure sale on March 25, 1994.

To validate the foreclosure sale, the RTC filed a motion requesting relief *nunc pro tunc* from the automatic stay on June 6, 1994. Before the RTC's motion could be docketed, Khozai's bankruptcy petition was dismissed by the court upon the motion of the United States trustee. The RTC subsequently filed a motion to reinstate Appellant's bankruptcy petition and to hear its motion for relief from the stay.

At a hearing held August 16, 1994, Bankruptcy Court reinstated the bankruptcy petition to adjudicate the RTC's motion for relief from the stay. The Bankruptcy Court granted the RTC relief from the stay *nunc pro tunc* to March 23, 1994, declared the fore-

---

1. This petition was Appellant's third bankruptcy petition since October 1992, the two previous filings having been dismissed.

closure sale to be valid, and redismissed Appellant's case with prejudice. The United States trustee concurred in the motion filed by the RTC.

Appellant appealed the Bankruptcy Court's decision on August 24, 1994. While Appellant filed the notice of appeal in a timely manner, he failed to file a designation of the record on appeal within ten (10) days thereafter, as required by the Bankruptcy Rules. Appellant subsequently filed his designation of the record on appeal on September 19, 1994. Appellee objects to the untimeliness of Appellant's filing.

Thus, there are two issues before the Court on Mr. Khozai's appeal: (1) whether the Bankruptcy Court properly granted the RTC relief from the automatic stay *nunc pro tunc* to March 23, 1994, thereby validating the foreclosure sale; and (2) whether the Bankruptcy Court properly dismissed the Appellant's case with prejudice.

## II.

■ A bankruptcy court's conclusions of law are subject to *de novo* review. *In re Sublett,* 895 F.2d 1381 (11th Cir.1990); *Matter of Bonnett,* 895 F.2d 1155 (7th Cir.1990). Findings of fact, however, are reviewable under a clearly erroneous standard. *In re Morris Communications NC, Inc.,* 914 F.2d 458, 467 (4th Cir.1990).

## III.

■ Section 362(d) of the Bankruptcy Code provides that "on request of a party in interest and after notice and a hearing, the court shall grant relief from stay provided under subsection (a) of the section, such as by terminating, annulling, modifying, or conditioning such stay...." The question the Court must decide is whether this provision vests the bankruptcy court with power to nullify the stay retroactively and thereby make actions taken during the stay valid. As this is an issue of law, it is reviewed *de novo*.

■ Although the Fourth Circuit has not yet addressed this issue, courts in other circuits have held that actions taken in violation of an automatic stay are voidable rather than void. In the case of *In re Siciliano,* 13 F.3d

748, 751 (3d Cir.1994), the court held that acts taken in violation of an automatic stay are voidable. The *Siciliano,* court, granting relief from an automatic stay and validating a foreclosure sale, stated:

> We agree with [the creditor's] contention that the inclusion of the word "annulling" in the statute, indicates a legislative intent to apply certain types of relief retroactively and validate the proceedings that would otherwise be void *ab initio....* We note that, if such relief did not apply retroactively, then "its inclusion next to 'terminating' would be superfluous." *In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir.1984).

*Id.,* 13 F.3d at 751 (internal citations omitted).

Similarly, the court in *Sikes v. Global Marine, Inc.,* 881 F.2d 176, 178, *reh'g denied,* 888 F.2d 1388 (5th Cir.1989), held that acts taken in violation of the automatic stay are voidable, not void. The court stated that, under § 362(d), "the power to annul authorizes the court to validate actions taken subsequent to the impressing of the § 362(a) stay." *Id.,* 881 F.2d at 178. In coming to this conclusion, the *Sikes* court relied upon 2 Collier's Bankruptcy Manual, § 362.06 (3d Ed.1983), which states:

> In addition to the obvious power to "terminate" the stay, § 362(d) also gives the bankruptcy court the power to "annul" the stay. The difference between the two is that an order annulling the stay could operate retroactively to the date of the filing of the petition which gave rise to the stay and thus validate actions taken by the party at a time when he may have been unaware of the existence of the stay. On the other hand, an order terminating the stay would be operative only from the date of its entry.

*Id.*

Much like the *Sikes* and *Siciliano* courts, courts in the Sixth and Eleventh circuits have concluded that acts taken in violation of an automatic stay are voidable under § 362(d). *See Easley v. Pettibone Michigan Corp.,* 990 F.2d 905, 909–11 (6th Cir.1993); *In re Albany Partners, Ltd.,* 749 F.2d 670,

675 (11th Cir.1984). Thus, at least four circuits have embraced the position that § 362(d) allows bankruptcy courts to grant *nunc pro tunc* relief from an automatic stay and to validate actions taken during such a stay.

Conversely, the Ninth Circuit has held, in *In re Schwartz*, 954 F.2d 569 (9th Cir.1992), that violations of an automatic stay are void rather than voidable. Despite this conclusion, the court held that "§ 362 gives the bankruptcy court wide latitude in drafting relief from the automatic stay, including the power to grant retroactive relief from the stay.... If a creditor obtains retroactive relief under § 362(d), there is no violation of the automatic stay, and whether violations of the stay are void or voidable is not at issue." *Id.*, 954 F.2d at 572–73. Thus, while it uses different reasoning than the *Sikes* and *Siciliano* courts, the *Schwartz* court reaches substantially the same result with regard to granting retroactive relief.

The Third, Fifth, Sixth, Eleventh and Ninth Circuits all agree that actions in violation of an automatic stay are subject to retroactive relief under § 362(d). While decisions in these circuits do not bind this Court, the Court is persuaded by the reasoning of *Siciliano* and *Sikes*. The Court finds that, in granting Appellee relief from the automatic stay and validating the foreclosure sale, the Bankruptcy Court acted within its authority under § 362(d). Accordingly, the Order of the Bankruptcy Court is AFFIRMED.

### IV.

 Appellant also appeals from the Bankruptcy Court's dismissal with prejudice of Appellant's bankruptcy petition. Although Appellee objects to the timeliness of Appellant's designation of documents for appeal, Bankruptcy Rule 8001(a) states that such failure "does not affect the validity of the appeal." Thus, the Court will consider Appellant's record on appeal, despite its untimeliness, in deciding whether the Bankruptcy Court properly dismissed Appellant's case with prejudice.

2. Under Bankruptcy Rule 7041, the dismissal of adversary proceedings are subject to Fed. R.Civ.P. 41. Rule 41(b) provides that an involuntary dismissal "operates as an adjudication upon the merits" unless otherwise specified by the court.

A finding of abuse of process is a finding of fact, subject to a "clearly erroneous" review on appeal. The record designated by the Appellant fails to present facts which show that the Bankruptcy Court's dismissal was clearly erroneous.[2]

Accordingly, the Bankruptcy Court's dismissal of Appellant's case with prejudice is AFFIRMED.

An appropriate Order shall issue.