**In re Ersle M. WARREN, Debtor.**

**Bankruptcy No. 97–42827–H3–13.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Dec. 15, 1997.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Chief Judge.

The court has considered the "Objection to Proof of Claim filed by James W. Ellis" (Docket No. 14) filed by Ersle M. Warren. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered allowing the claim of Ellis as an unsecured claim. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Ersle M. Warren ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code, commencing the instant case on March 17, 1997.

On March 11, 1997, the judgment which forms the basis of the proof of claim filed by James W. Ellis was entered against Debtor in the County Civil Court No. 3 of Harris County, Texas.

On March 19, 1997, an abstract of judgment was mailed to the County Clerk. The abstract of judgment was filed in the real property records of Harris County, Texas on March 24, 1997. (Debtor's Exhibit 1).

On May 1, 1997, Ellis filed a proof of claim, in the amount of $6,668.80. Ellis filed the claim as a secured claim.

Debtor objects to the proof of claim on the basis it asserts improper security for the claim, because the abstract of judgment was not filed in the real property records until after the petition in the instant case was filed.

Ellis asserts that a judgment lien was created at the time the judgment was entered, prior to the petition date.

### Conclusions of Law

The automatic stay applies to an action to an act to create, perfect, or enforce any lien against property of the estate. 11 U.S.C. § 362(a)(4).

An act in violation of the automatic stay is voidable. *Sikes v. Global Marine, Inc.*, 881 F.2d 176 (5th Cir.1989).

A judgment lien attaches to property within a county at the time an abstract of judgment is recorded and indexed in the real property records of that county. Tex. Prop. Code § 52.001.

The court concludes that the perfection of Ellis' judgment lien by recordation of the abstract of judgment was barred by the automatic stay.

Based on the foregoing, a separate Judgment will be entered allowing the claim of Ellis as an unsecured claim.