Robert A. Spence, Jr., Spence & Spence, Smithfield, N.C., for debtors.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO TRANSFER TITLE TO VEHICLE

.A. THOMAS SMALL, Bankruptcy Judge.

This matter is before the court upon the Motion for Authority to Transfer Title to Vehicle filed by the debtor, Mrs. Barefoot, on June 21, 1984. All parties in interest were properly notified of the hearing on the motion. No objections were filed and none were made at the hearing held in Raleigh, North Carolina on July 23, 1984.

In re the ESTATE OF Lee Alonzo BAREFOOT, Brenda T. Barefoot, Administratrix, SS #: 240–54–6284; Brenda Nell Tart Barefoot, Individually, SS #: 239–66–8841, Debtors.

Bankruptcy No. S–83–01952–5.

United States Bankruptcy Court, E.D. North Carolina.

Oct. 18, 1984.

### FACTS

The debtors filed a voluntary joint chapter 11 petition on December 5, 1983. At the time of the filing of the petition, Mr. Barefoot owned a 1983 Oldsmobile Cutlass which became property of Mr. Barefoot's estate.

Mr. Barefoot died intestate on January 7, 1984.

On May 29, 1984, pursuant to N.C.G.S. § 30–16, Mrs. Barefoot applied to the Johnston County Magistrate for her statutory widow's allowance as provided for in N.C. G.S. § 30–15. She was awarded an allowance of $6,000 in the 1983 Oldsmobile Cutlass. The automobile is valued at $7,000 in Mr. Barefoot's amended Schedule B–2 filed on June 1, 1984.

Mrs. Barefoot, as administratrix of her husband's estate, now requests that she be authorized to transfer title to the 1983 Oldsmobile to herself in return for $1,000 and satisfaction of the widow's allowance.

## DISCUSSION AND CONCLUSIONS

The commencement of a bankruptcy case creates an estate comprised of property belonging to the debtor at the time of filing. Although a husband and wife may file one joint petition, the filing creates two separate bankruptcy estates. Mr. Barefoot's 1983 Oldsmobile became property of his estate when he and his wife filed a joint petition on December 5, 1983. 11 U.S.C. § 541.

The filing of a petition also "operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate." 11 U.S.C. § 362(a)(3). When Mrs. Barefoot applied for her statutory widow's allowance she sought to obtain possession of property belonging to her husband's bankruptcy estate in violation of the automatic stay.

The judgment obtained, in violation of the stay, by Mrs. Barefoot from the Johnston County Magistrate on May 29, 1984 awarding her a $6,000 widow's allowance in property of the estate, the 1983 Oldsmobile, is clearly not valid. A judgment obtained during the pendency of the automatic stay is not voidable but void *ab initio.* 2 *Collier on Bankruptcy,* (15th ed.), § 362.11 p. 362–58. *Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306 (11th Cir.1982); *Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *In re*

*Coursey,* 11 B.R. 944 (Bkrtcy. WD MO 1981).

Even if Mrs. Barefoot had sought her widow's allowance in the 1983 Oldsmobile in this court, her motion would have been denied.

11 U.S.C. § 522(b)(2) provides that a *debtor* may exempt property that is exempt under state law applicable on the date of filing. Mr. Barefoot did not claim his car as exempt and no one has claimed the exemption in his behalf. Mrs. Barefoot, as a dependent, could claim the automobile as exempt on behalf of Mr. Barefoot under 11 U.S.C. § 522(*l*), but only if Mr. Barefoot would be entitled to the exemption. Mr. Barefoot clearly would not be entitled to an exemption in the automobile under the North Carolina widow's statutory allowance.

Because the 1983 Oldsmobile Cutlass valued at $7,000 is not burdensome to the estate and is not of inconsequential value to the estate, the vehicle should not be abandoned.

**IT IS HEREBY ORDERED** that the Motion for Authority to Transfer Title to Vehicle is DENIED.