824 P.2d 356

**Robert L. BENJAMIN, et al.,
Plaintiffs–Appellees,**

v.

**David CHAMBERLIN, Defendant–
Appellant.**

No. 11184.

Court of Appeals of New Mexico.

Dec. 18, 1991.

Craig T. Erickson and Judith D. Schrandt, Sheehan, Sheehan & Stelzner, P.A., Albuquerque, for plaintiffs-appellees.

Paul Livingston, Albuquerque, for defendant-appellant.

OPINION

BIVINS, Judge.

Defendant appeals a judgment, following a bench trial, awarding Plaintiffs damages based on conversion. Defendant argues that the judgment is a nullity because, at the time of the trial which led to the judgment, there was a bankruptcy stay in effect. We agree and set aside the judgment as void. Because of our disposition of this issue, we do not reach the remaining issue claiming denial of a fair trial.

During the pendency of this action, Defendant filed for bankruptcy in the United States Bankruptcy Court for the federal district of New Mexico. Notification of that fact was made to the state district court as well as to Plaintiffs on or about July 7, 1988. The filing of a bankruptcy petition operates to stay "any act to collect, assess, or recover a claim against the debtor that arose before the commencement" of the bankruptcy proceeding. 11 U.S.C. § 362(a)(6) (1988). Notwithstanding this stay, the state district court conducted a trial on the merits on August 17, 1988.

Defendant moved for a new trial based, in part, on the stay from the bankruptcy proceeding. Plaintiffs responded to the motion for new trial, indicating that the bankruptcy court judge lifted the automatic stay at a hearing held on August 5, 1988, which Defendant attended. That pleading was not under oath or supported by affidavit. Plaintiffs attached to their response a copy of an order granting relief from stay which was filed in the United States Bankruptcy Court on September 2, 1988, two

weeks after the state district court trial. The state district court denied Defendant's motion.

■ There are two questions which must be addressed: (1) whether the stay was violated; and, if it was, (2) whether the state district court judgment is void or voidable. Confining our review to the record properly before us, we hold that the stay was violated. We further hold that the district court judgment is void because of violation of the stay.

■ The parties argue the issue of whether the stay was violated by relying on transcripts of proceedings in the bankruptcy court that were never made a part of the record or brought to the trial court's attention below. These transcripts simply have been attached to the parties' briefs. We do not consider transcripts of proceedings in other courts that are attached to briefs but were not made a part of the record in the district court. *See Poorbaugh v. Mullen*, 99 N.M. 11, 16, 653 P.2d 511, 516 (Ct.App.), *cert. denied*, 99 N.M. 47, 653 P.2d 878 (1982); *State v. Rogers*, 90 N.M. 673, 675, 568 P.2d 199, 201 (Ct.App.) (transcript of federal trial), *rev'd on other grounds*, 90 N.M. 604, 566 P.2d 1142 (1977).

The record before us reveals that the district court, when it held the trial on August 17, 1988, was under the automatic stay imposed by 11 U.S.C. § 362. The record also reveals that the automatic stay was not lifted until some two weeks after the district court trial. Such being the state of the record, we are compelled to hold that the stay was violated.

■ Having determined that the judgment violated the stay, we turn to the second question of whether that violation rendered the judgment void or voidable. While there is a conflict among the courts, the weight of authority supports the general rule that an action taken in violation of an automatic stay is void and without effect. *See, e.g., Kalb v. Feuerstein*, 308 U.S. 433, 443, 60 S.Ct. 343, 348, 84 L.Ed. 370 (1940) (because of bankruptcy stay, state court was deprived of power to pro-

ceed and, therefore, its actions were without authority of law); *In re Shamblin*, 890 F.2d 123, 125 (9th Cir.1989) (judicial proceedings violating stay are void); *Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982) ("Actions taken in violation of automatic stay are void and without effect."); *In re Advent Corp.*, 24 B.R. 612, 614 (Bkrtcy.App. 1st Cir.1982) (acts done in violation of automatic stay void ab initio regardless of lack of knowledge of bankruptcy petition); *In re Pettibone Corp.*, 110 B.R. 848, 853 (Bkrtcy. N.D.Ill.1990) (automatic stay protects debtor absolutely and actions filed while stay is in effect are void and without legal effect); *In re Estate of Barefoot*, 43 B.R. 608, 609 (Bkrtcy.E.D.N.C.1984) (judgment obtained during pendency of automatic stay is not voidable but void ab initio). *See generally* 2 William M. Collier, *Collier on Bankruptcy*, ¶ 362.11 (Lawrence P. King ed., 15th ed. 1991) (actions in violation of stay are void).

Other courts have found that an action taken in violation of an automatic stay is merely voidable, rather than void. Many of these cases rely upon a bankruptcy court's power to "annul" the stay under 11 U.S.C. Section 362(d) and validate such actions retroactively. *See, e.g., Sikes v. Global Marine, Inc.*, 881 F.2d 176, 178–79 (5th Cir.1989); *In re Bresler*, 119 B.R. 400, 403 (Bkrtcy.E.D.N.Y.1990); *In re Clark*, 79 B.R. 723, 725 (Bkrtcy.S.D.Ohio 1987); *In re Oliver*, 38 B.R. 245, 248 (Bkrtcy.D.Minn. 1984) ("In light of this power to validate, violations of the stay are voidable rather than void because a *void* act could not be ratified or cured."). Other cases supporting the voidable theory discuss the fact that there are specific statutory "exceptions," such as a protection for good faith purchasers of real property, which protect certain actions despite the fact that they may technically violate the stay. *See, e.g.,* 11 U.S.C. § 549(c) (1988); *see also Sikes*, 881 F.2d at 179 ("If everything done postpetition were void in the strict sense of the word, these provisions would be * * * meaningless * * * * *"); *In re Fuel Oil Supply & Terminaling, Inc.*, 30 B.R. 360, 362 (Bkrtcy.N.D.Tex.1983) (refers to good faith exceptions found in sections 542(c),

549(c) and 546 of the Code). *But see In re Garcia,* 109 B.R. 335, 339 (Bkrtcy.N.D.Ill. 1989) (fact that Code contains exceptions to automatic stay does not require conclusion that actions violating stay are merely voidable).

We find that the better approach is to follow the rule that actions, such as this one, taken in violation of an automatic stay are void. While it is true that in some instances an action taken in violation of an automatic stay can be "voidable" rather than "void," we do not believe that the present facts present such a situation. The action before this court does not fall within any of the statutory good-faith exceptions of the Bankruptcy Code, nor has the bankruptcy court chosen to annul the stay and thus breathe life into an otherwise void state district court judgment entered in violation of the automatic stay.

Although we reach this conclusion, it has not escaped our attention that Defendant appears to have employed every means at his disposal to frustrate the state district court proceeding. He changed counsel numerous times, requested continuances, and otherwise thwarted the judicial process to gain advantage. What occurred in this case is not unlike that in *Noli v. Commissioner,* 860 F.2d 1521, 1522–24 (9th Cir. 1988) (petitioners changed counsel, requested numerous continuances, and otherwise frustrated process; bankruptcy court determined that petitions were filed as a means to avoid a decision in the Tax Court). Nevertheless, we are compelled to abide by long-standing rules of appellate procedure that require we limit our review to the record below.

Therefore, we set aside the judgment and remand for further proceedings. Defendant requested oral argument; however, we do not deem it necessary. No costs are awarded.

IT IS SO ORDERED.

ALARID, C.J., and PICKARD, J., concur.