This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**WARREN A. EATON, Trustee**
**of the Warren A. Eaton, Jr. CPA**
**Profit Sharing Plan Trust,**

   **Plaintiff-Appellee,**

v.             **Nos. 32,478 & 32,537**
                 **(Consolidated)**

**MICHAEL JACOBS,**

    **Defendant-Appellant,**

**and**

**CASTLE GREEN, LLC,**

    **Proposed Intervenor-Cross Appellant,**

**and**

**RIO GRANDE STUDIOS LLC,**
**RUBY HANDLER-JACOBS,**
**A. LEE STRAUGHAN, and THE**
**NEW MEXICO LAW GROUP, P.C.,**

    **Defendants.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Hunt & Davis, P.C.
Julie J. Vargas
Albuquerque, NM

for Appellee
Michael Jacobs
Ruby Handler Jacobs
Albuquerque, NM

Pro Se Appellants

Joshua R. Simms, P.C.
Joshua R. Simms
Albuquerque, NM

for Cross Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Defendant Michael Jacobs appeals the district court's order granting Plaintiff Warren Eaton a writ of assistance directing the sheriff to remove Defendant Jacobs and Defendant Ruby Handler-Jacobs from a foreclosed property. Proposed Intervenor Castle Green, LLC, filed a cross-appeal.  In our notice of proposed summary disposition, we proposed to affirm.  Jacobs has filed a memorandum in opposition and a motion to amend his docketing statement, which we have duly considered.  Castle Green has filed a motion to amend its docketing statement.  As we are not persuaded by either party's arguments, we deny both motions to amend and we affirm.

**Jacobs's Appeal**

{2} Jacobs's docketing statement raised a number of issues related to the writ of assistance, which he asserted was based on a void foreclosure order that had been issued in violation of a bankruptcy stay. *See Benjamin v. Chamberlin*, 113 N.M. 216, 218, 824 P.2d 356, 358 (Ct. App. 1991) (holding that actions taken in violation of a bankruptcy stay are void). While the Court was in the process of filing its notice of proposed summary disposition, Plaintiff Eaton filed a motion to dismiss this appeal, pointing out that Jacobs was not entitled to raise any issues with respect to the underlying merits of the foreclosure action, as he had failed to appeal the two final orders previously entered in the case. *See Speckner v. Riebold*, 86 N.M. 275, 277, 523 P.2d 10, 12 (1974) (stating that in a foreclosure case, there are two final, appealable orders: the foreclosure decree and the later order confirming the judicial sale); Rule 12-201(A)(2) NMRA (stating that an appeal must be filed within thirty days of a final order). We denied the motion to dismiss, since even if Jacobs's appeal was untimely with respect to the underlying foreclosure action, it was timely with respect to the writ of assistance, which is a "final order after entry of judgment which affects substantial rights" pursuant to NMSA 1978, Section 39-3-2 (1966).

{3} Although we denied Eaton's motion, we agree with Eaton that Jacobs is not entitled to any relief based on the underlying foreclosure and sale and that he is only entitled to relief to the degree that he can demonstrate error with respect to the writ of

assistance. Therefore, we note that in our notice of proposed summary disposition, we provided Jacobs with a greater scope of review than that to which he was entitled. Nevertheless, we proposed to affirm, noting that the stay had been lifted by the bankruptcy court with respect to the property at issue in this case and that Jacobs had demonstrated no other reversible error.

{4} In Jacobs's memorandum in opposition, he provides no facts or authority that demonstrate that this Court's proposal of summary affirmance is in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. In addition, his motion to amend the docketing statement does not demonstrate that any of the additional issues he seeks to raise are viable. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying a motion to amend that sought to add an issue that was not viable). Accordingly, we deny his motion to amend and conclude that he has failed to demonstrate error on appeal.

**Castle Green's Cross-Appeal**

{5} On cross-appeal, Castle Green raised two issues in its docketing statement. In our notice of proposed summary disposition, we declined to address these claims of error, as Castle Green had not been permitted to intervene as a party in the district

4

court.  We indicated that it therefore appeared that the only issue Castle Green could raise on appeal was the implicit denial of its motion.

{6}     Castle Green has filed a motion to amend the docketing statement to raise the issue of whether the district court erred in implicitly denying its motion to intervene. Castle Green argues that it was entitled to intervene as of right pursuant to Rule 1-024 (A)(2) NMRA.  [Motion at 4]  That Rule provides for intervention of right when the proposed intervenor claims an interest relating to the property that is the subject of the action and the proposed intervenor is "so situated that the disposition of the action may as a practical matter impair or impede the [proposed intervenor's] ability to protect that interest[.]"  *Id.*   In addition, a motion to intervene is subject to a requirement of timeliness, *Nellis v. Mid-Century Ins. Co.*, 2007-NMCA-090, ¶ 6, 142 N.M. 115, 163 P.3d 502, and a motion will generally not be considered to be timely when it is filed  after a final judgment, *see Nesbit v. City of Albuquerque*, 91 N.M. 455, 459, 575 P.2d 1340, 1344 (1977).

{7}     Here, Castle Green's motion to intervene was filed more than thirty days after the district court entered its order approving the special master's sale of the property, which was a final order.  [RP 161, 177]  Therefore, it appears that Castle Green's motion was untimely.  Furthermore, the motion was filed after the expiration of the thirty-day redemption period.  [RP 177]  Therefore, it also appears that by the time Castle Green sought to intervene, it no longer held a right of redemption, such that its

motion to intervene may have failed to demonstrate that Castle Green had any interest in the property at issue in the proceeding. Castle Green does not provide any authority to support its claim that it was error for the district court to deny the motion to intervene under the facts of this case, and we therefore presume that no such authority exists. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that an appellate court will not consider an issue if no authority is cited in support of the issue and will assume that no such authority exists). Accordingly, we conclude that Castle Green has failed to demonstrate that the issue is viable, and we deny the motion to amend. *See Sommer*, 118 N.M. at 60, 878 P.2d at 1009 (denying a motion to amend that sought to add an issue that was not viable).

{8}　　　Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

{9}　　**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

6

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**