**In re Kenneth N. GABLE, Jr. Joyce A. Gable, Debtors.**

**Joyce A. Gable, Plaintiff,**

**v.**

**Educational Credit Management Corporation, Defendant.**

**Bankruptcy No. 97–11130. Adversary No. 02–5294.**

United States Bankruptcy Court, D. Kansas.

July 21, 2003.

D. Alexander Barnes, Beckett & Watkins, Malvern, PA, Russel N. Barrett, Wichita, KS, for creditor.

Tracy S. Lough, Wichita, KS, for debtor.

## ORDER GRANTING SUMMARY JUDGMENT

ROBERT E. NUGENT, Chief Judge.

### I. Introduction

This matter comes before the Court on Educational Credit Management Corporation's ("ECMC") motion for summary judgment on debtor's adversary proceeding to declare discharged the post-petition interest and penalties on her student loan. The debtor's confirmed Chapter 13 plan provided for repayment of the principal portion of the Nebraska Student Loan Program ("NSLP") obligation, but sought to prevent interest from accruing on the claim and declared all penalties for default unsecured. ECMC has succeeded to NSLP's interest in the obligation. ECMC asserts that post-petition student loan interest and any other charges on a nondischargeable debt are excepted from discharge under 11 U.S.C. §§ 523(a)(8) and 1328(a)(2).[1]

This Court has jurisdiction over the

---

1. All code references are to the Bankruptcy Code, Title 11, United States Code, unless otherwise noted.

matter.[2] Debtor-plaintiff Joyce Gable appears by William Zimmerman. ECMC appears by N. Larry Bork. For the reasons set forth herein, the Court finds that ECMC is entitled to judgment as a matter of law and GRANTS its motion for summary judgment.

## II. *Statement of Facts*

The parties stipulated to the following facts. Joyce Gable filed a second amended Chapter 13 plan on September 25, 1997 which included the following language:

*Nebraska Student Loan*

1. The amount of the debt is $34,696.05
2. This is a claim for a student loan that became due and owing within the last seven years.
3. To be amortized over 60 months and to receive monthly payments of $578.27 until allowed claim is satisfied in full. This claim shall not bear interest.
4. All penalties for default to be unsecured.[3]

Neither NSLP nor ECMC objected to the plan. The plan was confirmed on October 15, 1997.[4]

NSLP had filed a proof of claim on May 16, 1997 in the amount of $34,696.05, representing principal only.[5] The student loan had an interest rate of 9%. NSLP assigned the proof of claim to ECMC on December 5, 2000 and ECMC was paid $34,696.05 through the plan.

The discharge order was filed on May 2, 2002 and contained the following language:

IT IS ORDERED THAT:

1. Pursuant to 11 U.S.C. Section 1328(a), the debtor is discharged from all debts provided for by the plan or disallowed under U.S.C. § 502, except any debt:

    . . . .

    (c) For a student loan or educational benefit over payment as specified in 11 U.S.C. Section 523(a)(8) in any case in which discharge is granted.[6]

The plan made no mention of undue hardship and no adversary proceeding was filed to determine the dischargeability of the debt until this proceeding was commenced. There was no appeal of the discharge order.

## III. *Analysis*

### A. *Summary Judgment Standards*

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment and is made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. In articulating the standard of review for summary judgment motions, Rule 56 provides that judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions and affidavits on file show that there are no genuine issues of any material fact and the moving party is entitled to judgment as a matter of law.[7] An issue is "genuine" if sufficient evidence exists on each side "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim." [8] Here, the parties have stipulated to the

---

2. 28 U.S.C. §§ 1334 and 157(a) and (b)(2)(I).

3. Dkt. 15.

4. Dkt. 21.

5. Claim No. 14.

6. Dkt. 59.

7. Fed.R.Civ.P. 56(c); Fed. R. Bankr.P. 7056.

8. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998).

above uncontroverted facts and the court need not determine whether any genuine issues of material fact exist, only whether ECMC is entitled to judgment as a matter of law.

## B. *Post–Petition Interest and Fees*

■ ECMC seeks a determination that the unpaid portion of its debt, consisting of post-petition interest, penalties, and costs, is excepted from discharge under § 523(a)(8) and that it is entitled to judgment as a matter of law. Gable simply asserts that under the controversial Tenth Circuit Court of Appeals decision *In re Andersen,*[9] the finality of the plan mandates the discharge of the unpaid charges. Gable argues that the plan fixed the amount of the debt and claim, provided that the claim would bear no interest, and provided that penalties for default would be unsecured. Neither NSLP nor ECMC objected to the plan and Gable paid off the principal balance in accordance with the plan. Essentially, Gable argues that the finality of the court order confirming the plan precludes further activity by ECMC, citing *In re Poland*[10] as support.

Gable's reliance on the *Andersen* holding is misplaced because *Andersen* did not address the dischargeability of post-petition student loan interest. There, the plan provided that the student loan claims would be paid ten percent and the balance of the claims would be discharged. Recognizing the requirement that such claims may only be discharged upon a finding of undue hardship, Ms. Andersen further provided in her plan that excepting such loans from discharge would impose an undue hardship, that confirmation of the plan would constitute a finding to that effect, and that the debt was dischargeable. The creditor failed to timely object to these provisions, and the plan was confirmed. The *Andersen* court only considered the issue of whether confirmation of the plan constituted a binding adjudication of undue hardship.[11] The Tenth Circuit Court of Appeals limited its decision to the particular facts of that case and concluded that the strong policy favoring finality coupled with the creditor's failure to timely object to the plan during the bankruptcy proceedings warranted a finding of undue hardship in favor of the debtor.[12] Here, the discharge order, unlike that in *Andersen,* specifically excepts student loan debt from discharge. Because the discharge order is final and because the enduring holding of *Bruning v. United States*[13] and its progeny renders post-petition interest on a nondischargeable debt nondischargeable, this court need not further discuss *Andersen* and the issues it raises.

Gable's reliance on *Poland* is similarly misplaced because of the content of the discharge order. Unlike the present case, the discharge order in *Poland* expressly provided for discharge of the student loans in question. The order stated in part: "[D]ebtor is discharged for all debts, provided for by the plan except any debt: .... (c) for a student loan or educational benefit overpayment as specified in 11 U.S.C. Section 523(a)(8) *in any case in*

---

9. *Andersen v. Educ. Credit Management Corp. (In re Andersen),* 179 F.3d 1253 (10th Cir. 1999).

10. *Poland v. Educ. Credit Management Corp. (In re Poland),* 276 B.R. 660 (D.Kan.2001), *appeal docketed* Case No. 02–3020 (Jan. 23, 2002) and pending before the Tenth Circuit Court of Appeals.

11. 179 F.3d at 1256.

12. *Id.* at 1260.

13. 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). *Bruning* is discussed below.

*which discharge is granted prior to October 1, 1996.*[14] The court found that because Poland's discharge was granted after October 1, 1996, her student loan debt was discharged under the language of the order, notwithstanding the inappropriateness of the form order. In the present case, however, the language of the discharge order expressly excepts student loans from discharge without any preconditions.

This Court has previously considered the dischargeability of post-petition interest on student loans and has concluded that such interest accruing on a nondischargeable obligation is nondischargeable.[15]

Section 523(a)(8) provides:

A discharge under section ... 1328(b) of this title does not discharge an individual debtor from any debt-

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

This nondischargeability section applies in chapter 13 proceedings pursuant to § 1328(a)(2), which excludes from discharge debts "of the kind specified in paragraph (5), (8), or (9) of section 523(a) of this title."

Although the Code is clear that debts for the repayment of educational loans are not dischargeable, it contains no direct reference to whether post-petition interest on a nondischargeable student loan is discharged. The leading case on the dischargeability of post-petition interest is *Bruning v. United States*[16] which was decided under the Bankruptcy Act of 1898[17] and dealt with the dischargeability of post-petition interest on tax debts. In *Bruning*, the Supreme Court held that although post-petition interest on a nondischargeable tax debt could not be paid by the bankruptcy estate, it accrued during the pendency of the case and became a personal liability of the debtor when the bankruptcy was concluded.[18] The Court reasoned that because Congress excepted the tax debt from discharge, it "clearly intended that personal liability for unpaid tax debts survive bankruptcy."[19]

Although *Bruning* was decided under the Bankruptcy Act, its continued vitality after the enactment of the Bankruptcy Code has been affirmed by several circuits, including the Tenth Circuit.[20] In *Fullmer v. United States*, the Tenth Cir-

---

14. 276 B.R. at 662. (Emphasis added).

15. *In re Delgado,* Case No. 99–13234 (Bankr. D.Kan. July 14, 2000) and *In re Wheeler,* Case No. 99–5299 (Bankr.D.Kan. July 10, 2000).

16. 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964).

17. 20 Stat. 54 (1898), *formerly codified at* 11 U.S.C. § 1, *et seq.*

18. 376 U.S. at 361, 84 S.Ct. 906.

19. *Id.*

20. *See Fullmer v. United States (In re Fullmer),* 962 F.2d 1463, 1468 (10th Cir.1992), abrogated on other grounds by *Raleigh v. Ill. Dep't. of Revenue,* 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000); *Leeper v. Pa. Higher Educ. Assistance Agency (In re Leeper),* 49 F.3d 98, 101–02 (3rd Cir.1995); *Bradley v. United States,* 936 F.2d 707, 709–10 n. 3 (2nd Cir.1991); *Hanna v. United States (In re Hanna),* 872 F.2d 829, 831 (8th Cir.1989); and *Burns v. United States (In re Burns),* 887 F.2d 1541, 1543 (11th Cir.1989).

cuit Court of Appeals held that accrued post-petition interest on a nondischargeable pre-petition tax debt survives bankruptcy as a personal liability of the debtor.[21] This bankruptcy court is bound by and agrees with our Circuit's view, and has previously so held.[22] As the Ninth Circuit Bankruptcy Appellate Panel stated on one occasion, "[u]nless Congress expressly manifests its intent to change well-established judicial interpretation of the bankruptcy laws as they existed prior to enactment of the Bankruptcy Code in 1978, we must presume that pre-code interpretations of the Act have survived the enactment. [citations omitted]." [23] Thus, *Bruning* remains good law.

Other courts have overwhelmingly applied the *Bruning* principle to post-petition interest on nondischargeable student loans.[24] This court concludes that post-petition interest on nondischargeable student loans is not dischargeable.

■ The fact that the principal amount of ECMC's *claim* has been paid does not serve to discharge the *debt* or the interest that accrued on it after the commencement of the case. Repayment of a *claim* allowed under § 502 is not identical to repayment of a *debt.* Section 502 speaks to the allowance of *claims* while § 523 excepts *debts* from discharge. Indeed, the post-petition accrued interest could not have been part of the *allowed claim* of ECMC because § 502(b)(2) excepts unmatured interest from an allowed claim. Sec-

tion 101(12) defines *debt* as a liability on a claim. A *claim* is defined as a right to payment, whether matured or unmatured.[25] Because unmatured interest cannot be part of an *allowed claim* under § 502(b)(2), Gables's payment of the *allowed claim* could not have satisfied ECMC's *debt* that is excepted from discharge. As the *Bruning* court stated, "interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt." [26] Thus, the *debt* remaining at the close of the case, consisting of post petition interest and penalties, was expressly excepted from discharge under § 523(a)(8) and the language of the discharge order.

## IV. *Conclusion*

This Court cannot overlook the well settled law on the nondischargeability of post-petition interest on a nondischargeable debt. ECMC is entitled to judgment as a matter of law and its Motion for Summary Judgment is GRANTED.

**21.** 962 F.2d at 1468.

**22.** *See In re Wheeler, supra.*

**23.** *Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee),* 218 B.R. 916, 920 (9th Cir. BAP 1998), *aff'd* 193 F.3d 1083 (9th Cir. 1999).

**24.** *See Leeper,* 49 F.3d at 105; *Pardee,* 218 B.R. at 921; *Bell v. Educ. Credit Management Corp. (In re Bell),* 236 B.R. 426, 430 (N.D.Ala. 1999); *Ridder v. Great Lakes Higher Educ. Corp. (In re Ridder),* 171 B.R. 345, 347–48 (Bankr.W.D.Wis.1994); *In re Shelbayah,* 165 B.R. 332, 337 (Bankr.N.D.Ga.1994); and *Jordan v. Colo. Student Loan Program (In re Jordan),* 146 B.R. 31, 32–33 (D.Colo.1992).

**25.** § 101(5)(b).

**26.** 376 U.S. at 360, 84 S.Ct. 906.