In re OTTAWA RIVER STEEL COMPANY, Debtor.

Elizabeth Vaughan, Trustee, Plaintiff,

v.

Meridian National Corp. et al., Defendants.

Nos. 03–3252, 01–31282.

United States Bankruptcy Court, N.D. Ohio.

July 14, 2005.

Thomas W. Heintschel, Toledo, OH, for debtor.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

In both this adversary proceeding, and the related adversary proceeding of *Elizabeth Vaughan, Trustee v. Ohio Pickling Processing, LLC*, Case No. 03–3251, one overall issue was presented to the Court for resolution: When, for purposes of the time limitation on a trustee's avoiding powers, as set forth in 11 U.S.C. § 546(a)(1)(A), was the order for relief entered against the Debtor? Procedurally, in each of the adversary proceedings, this issue was brought before the Court by way of a Motion for Summary Judgment as submitted by the respective Defendants. And based upon this commonality in both procedural posture and legal substance,

the following analysis will apply equally in both cases.

The instant bankruptcy case was commenced through the filing of an involuntary petition for relief. Initially, the Debtor controverted the petition, but eventually an agreement was reached between the Petitioning Creditors and the Debtor. The terms of this Agreement were then reduced to writing in the form of a Consent Order which was entered by the Court on June 18, 2001. In this Order it was recited that the "parties have agreed to allow the ongoing liquidation process to continue until July 10, 2001, and have agreed that an order for relief will be entered effective July 11, 2001." Based then upon this recitation, the Order set forth that "this Order shall constitute an order for relief under Chapter 7 of the Bankruptcy Code against [the Debtor] as of 8:30 a.m. on Wednesday, July 11, 2001."

On July 10, in the year 2003, the Trustee commenced this adversary proceeding against the Defendant seeking to recover certain prepetition transfers made by the Debtor. As authority for her action, the Trustee relies on two claims: an avoidable preference under § 547; and a fraudulent transfer, avoidable under §§ 544 and/or 548. In defense of these claims, the Defendants, by way of their Motion for Summary Judgment, puts forth that the Trustee's claims are time barred under § 546, the section of which is entitled "Limitations on avoiding powers."

### DISCUSSION

■ The Bankruptcy Code promotes equality among creditors in the distribution of a debtor's assets. *Cunard S.S. Co. v. Salen Reefer Serv. AB*, 773 F.2d 452, 459 (2nd Cir.1985). As a means to implement this goal, the Bankruptcy Code confers upon the trustee the power to avoid

certain types of prepetition transfers made by the debtor that, if left to stand, would allow certain creditors to receive a disproportional share of a debtor's distributable assets. *Moglia v. American Psychological Ass'n (In re Login Bros. Book Co.)*, 294 B.R. 297, 299 (Bankr.N.D.Ill.2003). But so as to also facilitate the bankruptcy aim of prompt and efficient administration of estate property, § 546 places time constraints on a trustee's avoiding power. *Hoseman v. Weinschneider*, 322 F.3d 468, 475 (7th Cir.2003).

In putting forth § 546 as a defense as to the untimeliness of the Trustee's action, the Defendant cites specifically to paragraph (a)(1)(A) of this section, which provides:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of-
>
> > (1) the later of-
> >
> > > (A) 2 years after the entry of the order for relief[.]

As to the application of this provision, one issue was presented to the Court: on which date was the "order for relief" entered in this matter so as to trigger the commencement of the provision's two-year time limitation? On this issue, the Trustee puts forth that her action is timely because the "order for relief" was not entered until July 11, 2001, this date being deemed in the consent order as the effective date for the "order for relief." While the Defendants put forth that, despite such language, the controlling date for the "order for relief" should be figured from June 17, 2001, the date on which the consent order was actually entered.

An "order for relief" may arise in one of two ways: (1) by operation of law with the filing of a voluntary petition; or, (2) in a situation such as this where an involuntary petition is filed, when the "order for relief" is entered by the court. *In re Estate of Joseph Brown*, 16 B.R. 128 (Bankr.D.C.1981). Once in effect, the "order for relief" establishes an entity's status as a debtor. And like its predecessor—that being the term "adjudication" as was used under the Bankruptcy Act of 1898—it has the same overall effect: "it is a judgment in rem; a determination of the debtor's status as a bankrupt, and binding upon all parties in interest, whether or not they appeared in the proceedings for an adjudication." 2 *Collier on Bankruptcy*, ¶ 301.07, Effect of Order for Relief (15th Ed.); *In re Clinton*, 166 B.R. 195, 199 (Bankr.N.D.Ga.1994).

Like other orders issued from a bankruptcy court, an "order for relief" is treated as a judgment for purposes of the Bankruptcy Rules. FED.R.BANK.P. 7054; [1] 9014(c). *Accord Nadel v. Fruitville Pike Assocs. (In re Burke)*, 60 B.R. 665, 668 (Bankr.D.Conn.1986). In this regard, a judgment is simply defined as any order from which an appeal lies. *Richland Trust Co. v. Federal Insurance Co.*, 480 F.2d 1212, 1213–14 (6th Cir.1973). And as a judgment, the Defendants put forth that those Rules governing the entry of judgments,—particularly, the timing of their effectiveness—require that the date of the entry of the underlying judgment control. In opposition to this position, the Trustee raised a number of different arguments, the underlying theme of which is that she was entitled to rely on the plain language of this Court's order, setting July 11, 2001,

---

**1.** Bankruptcy Rule 7054 makes applicable Rule 54 of the Federal Rules of Civil Procedure which under paragraph (a) provides:

"Judgment as used in these rules includes a decree and any order from which an appeal lies."

as the date on which the "order for relief" would take effect.

█ From the start, the Trustee's argument of reliance can not be taken lightly; it is fundamental that unless void or inherently defective, or timely attacked such as by way of appeal, parties have the right to rely on the plain terms of a court's judgment. And here, as it regards when the "order for relief" was to take effect, there exists no room for a party to have misinterpreted the terms of the consent order entered by this Court wherein it was stated: "this Order shall constitute an order for relief under Chapter 7 of the Bankruptcy Code against [the Debtor] as of 8:30 a.m. on Wednesday, July 11, 2001."

The Defendants, however, do not address the effect of this language head-on, but rather put forth the overall premise that the "order for relief" in this matter, having been included as a term of this Court's consent order, cannot suddenly spring into existence at a later date, despite language in the order to the contrary, but must instead be viewed as having been entered at the same time as the consent order for purposes of the time two-year time limitation imposed by § 546(a)(1)(A). In taking this position, the Defendants cite to Bankruptcy Rules 5003 and 9021 which govern timing issues related to the entry of judgments. In relevant part, the Rules provide:

> The clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order, and activity in that case as prescribed by the Director of the Administrative Office of the United States Courts. The entry of a judgment or order in a docket shall show the date the entry is made. (5003(a)).
>
> Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A

judgment is effective when entered as provided in Rule 5003. (9021).

█ On one level, the Defendants' position is correct: a court's authority to alter procedural rules which are both explicit and nondiscretionary, is limited. *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). And here, in unequivocal terms, Bankruptcy Rules 5003 and 9021 establish that a judgment becomes effective when it is entered by the clerk in the docket, thereby making any other events such as the filing or signing of the judgment nondispositive as to a judgment's effective date and time of entry. Thus, with the two-year time limitation of § 546(a)(1)(A), being keyed to the "entry of the order for relief," it would be the clerk's notation of such an entry in the docket which would constitute the event triggering the time limitation of this section.

█ Yet, as already explained, this matter is a sort of hybrid,—with the "order for relief," although arising under the terms of the Consent Order, not paralleling the latter's effective date in accordance with its own explicit terms. This creates an obvious tension with the Defendants' position as nothing specifically in Bankruptcy Rules 5003 and 9021, or anywhere else, prohibits a Court from delaying the operational date for an "order for relief,"even to the extent it affects the commencement of the two-year time limitation of § 546(a)(2)(A). And in this way, courts have traditionally and continue to be afforded with broad power and with a wide range of discretion when it comes to matters involving the implementation of their orders and judgments. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). In this regard, examples abound of courts delaying, once entered, the operational date as to

the individual terms of their judgments for a multitude of different purposes, including issues related to the timing of deadlines. *See, e.g., In re Connecticut Aerosols, Inc.,* 31 B.R. 883 (Bankr.D.Conn.1983); *Krigel's, Inc. v. ARY Jewelers, L.L.C. (In re Krigel's, Inc.),* 263 B.R. 280, 293 (Bankr. W.D.Mo.2001).

 Furthermore, with regards to bankruptcy law in particular, § 105(a) statutorily confers upon the bankruptcy courts the authority to sculpture an appropriate remedy in furtherance of Bankruptcy Code objectives. And in this same way, § 105(a) has been utilized by bankruptcy courts as a source of authority to give the terms of their orders and judgments both antecedent and prospective effectiveness. Examples include: *nunc pro tunc* orders retroactively relieving the automatic stay; and drop dead clauses providing prospective conditional relief. *Khozai v. Resolution Trust Corp.,* 177 B.R. 524 (E.D.Va.1995); *Kline v. Lewis (In re Kline),* 226 B.R. 284 (10th Cir. BAP 1998).

It follows then, that the meritoriousness of the Defendants' position requires that an additional step be added to its logical progression: that despite the power afforded to a court to individually tailor their orders and judgments; and despite any direct prohibition against it; Bankruptcy Rules 5003 and 9021 must be read in such a way that divests a court of the authority to prospectively adjust the effective date of the "order for relief" when entered as a part of a larger order. Without this additional step, Bankruptcy Rules 5003 and 9021 do no more than establish that this Court's Consent Order became effective on June 18, 2001, when it was entered by the clerk in the docket; it does not necessarily mean that the "order for relief" became effective on this same date.[2] But as now explained, to give Bankruptcy Rules 5003 and 9021 such an expansive reading, greatly stretches the limited function these Rules were designed to serve.

By providing for a fixed method by which to compute a judgment's effective date, the sole aim of Bankruptcy Rules 5003 and 9021 was to promote certainty with respect to deadlines concerning an attack on the judgment itself, mainly by way of an appeal. *Reid v. White Motor Corp.,* 886 F.2d 1462, 1468 (6th Cir.1989). ("9021 requires that a judgment become effective to activate the accrual of appeal time only when a separate entry of judgment is recorded in the docket pursuant to Bankruptcy Rule 5003"). As explained in Moore's Federal Practice:

> The time period for filing post-trial motions or a notice of appeal is determined by the time of entry of judgment, as is the time for obtaining relief under Rule 60(b). "Entry" generally requires rendition of the judgment by the court with satisfaction of the separate document requirement, if applicable, followed by the ministerial act of notation in the docket by the clerk.

10 Moore's Federal Practice ¶ 58.04[1] (3d ed.1999) (discussing Federal Rule of Procedure 58). It becomes, however, difficult to see how this limited functionality would

---

**2.** Presuming, of course, that the "separate document" requirement of Fed.R.Bank.P. 9021 is also met. *Reid v. White Motor Corp.,* 886 F.2d 1462, 1468 (6th Cir.1989). Regardless, Fed.R.Civ.P. 58(b)(2)(A), made applicable by Bankruptcy Rule 9021, provides that if the "separate document" requirement is not met, the judgment is considered entered "when 150 days have run from entry in the civil docket under" Bankruptcy Rule 5003. Thus, in the absence of a "separate document," the Defendant's issue as to the timeliness of the Trustee's actions would be rendered moot as a 150–day delay in the effective date for the "order for relief" would result in the Trustee's action falling well within the time limitation of § 546(a)(1)(A).

be furthered by adopting the Defendants' reading of these Rules; or for that matter, hampered if the Defendants' interpretation were not adopted. To the contrary, Bankruptcy Rules 5003 and 9021 can easily be harmonized to the type of situation presented here—where the operative date for a specific term of a judgment is postponed—so long as the application of these Rules is limited to the function they were designed to serve: operating as a baseline with respect to issues involving an attack on solely the underlying judgment. To use this case as an example: no conflict would exist if, as set forth in the Court's consent order, July 11, 2001 operated as the date on which the "order for relief" arose, so long as the time to attack the prospective adjudication of Ottawa River Steel Company as a debtor in bankruptcy commenced June 18, 2001, when the Consent Order was actually entered.

All the same, the whole is still the sum of its parts. And, as this example helps to illustrate, a party wishing to attack any term or condition of a judgment, even if not yet operant, would be required to attack the underlying judgment itself, with applicable time limitations, such as that for an appeal, commencing at the time of its entry. Thus, some vigilance is necessary as the applicable time limitations to attack a judgment will not be keyed to those individual terms of the judgment which are set to take effect at a later time. Still, in the typical situation, the individual terms of a judgment will not provide for a prospective effective date. Thus, in such instances it can be presumed that both the effective date of the judgment and the date of the operation of its terms will be the same. Yet, so long as the date on the initial entry of the judgment serves as the baseline for challenges brought against the judgment, nothing is fundamentally unfair with this outcome.

Notice of any postponement as to the effective date of an order, whether in whole or just a specific portion thereof, would be docketed by the clerk under Rule 5003, which requires the entry of every court "order." Thus, with notice provided, the certainty function regarding the timing of matters served by Bankruptcy Rules 5003 and 9021 is not compromised. To use this case again as an example, the relevant docket in this matter gave notice of the two critical dates: (1) June 18, 2001, the date on which the underlying order was entered, thereby giving rise to those time limitations applicable when attacking the judgment; and (2) July 11, 2001, when in the order it was provided that the "order for relief" would take effect. (Doc. No. 30, Case No. 01–31282).

As taken from their written arguments, however, the Defendants also espouse that the entry of an "order for relief" is unique, relying on what can be broken down into two separate topics: (1) supporting case law; and (2) a plain-meaning analysis of § 546(a)(1)(A). On the former, the decision central to the Defendants' position is *Nadel v. Fruitville Pike Assocs. (In re Burke)*, 60 B.R. 665, (Bankr.D.Conn.1986), where the overall issue presented was whether a transfer occurred before or after the "order for relief." (Doc. No. 86, at pg. 6).

Like here, resolution of the issue before the court in *In re Burke* required the determination as to the effective date for the "order for relief" as between two different dates: (1) when, at a hearing, the debtor consented to the entry of an "order for relief;" and (2) five days later, when a pleading entitled "Consent to Entry of an Order for Relief" was entered by the clerk of court. After discussing in great detail the applicable procedural rules, the court in *In re Burke* found that the "order for relief" could not have become effective un-

til an entry to that effect had been made by the clerk. *Id.* at 669.

However, unlike here, the court in *In re Burke* was not presented with the situation where a judgment, although entered by the clerk, set forth a later operative date for the "order for relief." Instead, the court in *In re Burke* was only making a determination as to the effective date for the "order for relief" as between an (1) oral order and (2) when the oral order was reduced to writing and docketed by the clerk. In finding, therefore, that the clerk's entry of the order in the docket constituted the effective date for the "order for relief," the court in *In re Burke* was merely capturing the rule that it is this event—the docketing of the judgment by the clerk—and not other events such as the filing or signing of the judgment, which controls when the judgment becomes "effective" for purposes of Rules 5003 and 9021. It does not show, as the Defendants' position requires, that all of the terms set forth in a judgment must be keyed to the initial judgment's entry or "effective" date.

On their next position, concerning a plain-meaning application of § 546(a)(1)(A), the Defendants put forth that to give effect to a date other than when the underlying judgment is entered, would essentially require "the Court to rewrite § 546(a) to replace the phrase 'entry of the order for relief' with the phrase 'order for relief became effective.'" (Doc. No. 89, at pg. 3). This position, however, attempts to make a distinction where none actually exists. The two terms "entered" and "effective" are equated together by Bankruptcy Rule 9021 which states a

"judgment is effective when entered . . . ." Thus, an "entered" judgment would necessarily be an "effective" judgment, with the converse also being true: to be "effective," the judgment must be "entered." Moreover, although Bankruptcy Rule 9021 still utilizes the term "effective," Rule 58 of the Federal Rules of Procedure, Rule 9021's counterpart, has altogether dropped the use of the term; instead, it simply uses the term "entered."[3] 10 Collier on Bankruptcy ¶ 9021.05 (15th ed.2003).

At best then, the distinction made by the Defendants is hypertechnical. And while it is the rule that procedural rules, such as those above, cannot override a specific statutory provision, it is also the rule that the two are, wherever possible, to be read consistently with the other. And with this in mind, the Defendants' position also has a final, and what must ultimately be viewed as a fatal flaw: it does not easily reconcile with the permissible authority afforded to a bankruptcy court when entering a decision regarding the adjudication of an involuntary petition.

■■■ When an involuntary petition is filed, the Bankruptcy Rules of Procedure envision that a bankruptcy court may need to individually tailor the order to meet the particular needs of the case. Under Bankruptcy Rule 1013, entitled 'Hearing and Disposition of a Petition in an Involuntary Case,' it is provided that not only may a bankruptcy court "enter an order for relief" or "dismiss the petition," but in the alternative, the court is also conferred with the authority to *"enter any other appropriate order."*[4] (emphasis added). Thus, like so many other issues raised in bankruptcy, this Rule recognizes that a simple 'yes' or 'no' determination as to the entry of an

---

3. This revision to Rule 58 occurred in 2002, and therefore was not actually in operation at the time the "order for relief" was entered in this case, having been entered in 2001.

4. In full this Rule states: "[t]he court shall determine the issues of a contested petition at the earliest practicable time and forthwith enter an order for relief, dismiss the petition, or enter any other appropriate order."

"order for relief" will not always be practicable.

Yet, the discretionary authority afforded to this Court by Bankruptcy Rule 1013 would be significantly muted if it were read so as to not include the authority to set apart from the effective date of a judgment the operative date for the "order for relief." In bankruptcy, the date of the "order for relief" serves as a baseline for many different timing matters. Postponing the operative date for the entry of the "order for relief" therefore permits flexibility in handling matters related to the often delicate situation attendant with an involuntary petition. Resultantly, it would be a rather odd situation to have an explicit grant of discretionary authority under Rule 1013, but then to find that there is an implicit limitation on such authority regarding one of the key functions for which that authority could be utilized.

In summation, the Court does not find any sufficient basis, either in law or in equity, to disregard, in the computation on of the two-year time limitation set forth in 11 U.S.C. § 546(a)(1)(A), the plain terms of the consent order entered by this Court wherein it provided that the entry of the order for relief would take effect on July 11, 2001. Thus, the Trustee's action in this matter, having been entered within the two-year time-limitation of § 546(a)(1)(A), must be deemed timely. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Defendants' Partial Motion for Summary Judgment, be, and is hereby, DENIED.