**In re Roger WIREMAN, Debtor.**

**Roger Wireman, Plaintiff,**

v.

**IRS, Defendant.**

**No. 06–3635.**

United States Bankruptcy Court, N.D. Ohio.

April 6, 2007.

Randy Lee Reeves, Lima, OH, for Plaintiff.

Alex T. Case, Washington, DC, for Defendant.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Plaintiff/Debtor's Complaint for Failure to Comply with Prior Court Order and the Defendant/United States' Motion to Dismiss. On these respective matters, both Parties filed Memorandum in Support of their positions. This Court has reviewed the arguments of Counsel, exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that the Defendant's Motion to Dismiss should be Denied.

## FACTS

The Plaintiff, Roger Lee Wireman (hereinafter referred to as "Debtor"), filed for relief under Chapter 13 of the United States Bankruptcy Code on July 19, 1999. Defendant, the United States Internal Revenue Service (hereinafter referred to as "IRS"), filed a proof of claim setting forth a prepetition liability in the amount of $25,058.31 based upon a prior assessment. The Debtor objected to the claim and the Parties subsequently entered into an agreement, which was memorialized in a court order entered on January 3, 2002. In this order, it was set forth in relevant part:

(1) The parties hereto stipulate to the allowance of the claim of the Internal Revenue Service in the amount of $25,058.31.

(2) The parties acknowledge that based upon the Debtor's Confirmed Chapter 13 Plan which provides for payments of $400.00 per month for a period not to exceed sixty (60) months that the funds paid under the Chapter 13 Plan will be insufficient to pay the total claim of the Internal Revenue Service.

(3) The parties further acknowledge and agree that it is in the best interest of all parties that the Debtor continue in the Chapter 13 proceeding until the expiration of the sixty (60) month period, withstanding[1] that the total claim of the Untied States of America Internal Revenue Service will not be paid during the sixty (60) month period.

(4) The parties further agree that to the extent the total claim of the United States of America Internal Revenue Service is not paid during the sixty (60) month period that the Debtor will continue to make his $400.00 per month

---

1. The original agreement contained the word "notwithstanding" with a backward slash through "not."

payment directly to the United State of America Internal Revenue Service until such time as the claim is paid in full. (5) The parties hereto further agree and acknowledge that the claim of the Internal Revenue Service filed in the amount of $25,058.31 is non-dischargeable and will not be affected by the Discharge granted in the Debtor's Chapter 13 proceeding.

(Doc. No. 1, Ex. B). The Debtor, upon the completion of his plan of reorganization, received a discharge on October 1, 2004. At that time, there still existed a balance on the IRS's claim of $14,954.86. (Doc. No. 1, Ex. C).

On March 15, 2006, Debtor received a statement from the IRS indicating that the outstanding balance on his tax liability, as of that date, was $17,631.04. Debtor then filed this complaint, requesting that the IRS make the necessary adjustments to comply with the Agreed Order. According to the complaint, Debtor has, in compliance with the Order, continued to make timely payments of $400.00 per month, directly to the IRS, since the completion of his Chapter 13 plan. (Doc. No. 1, at pg. 2). The IRS responded by filing this Motion to Dismiss for failure to state a cause of action upon which relief can be granted pursuant to FED.R.CIV.P. 12(b)(6).

## DISCUSSION

In the instant case, the Debtor asserts that the outstanding tax liability stated in the Agreed Order constitutes a fixed amount, and therefore the IRS is not entitled to collect any additional amounts, including postpetition interest, from the Debtor. The IRS argues that the stated amount only represented liability as to the date of the petition, and therefore they are not prejudiced as to any of their postpetition rights, including the accrual of postpetition interest. Given the nature of these

arguments, the dispute between the Parties necessarily requires an interpretation of the Agreed Order entered by this Court. As bankruptcy courts retain jurisdiction to enforce and interpret their own orders, this adversary proceeding constitutes a core proceeding. *In re Millenium Seacarriers, Inc.,* 419 F.3d 83, 97 (2nd Cir.2005); 28 U.S.C. § 157(b)(2)(B).

This case comes before the Court on the IRS's Motion to Dismiss. In a bankruptcy proceeding, a motion to dismiss is governed by Bankruptcy Rule 7012(b), which makes applicable Rule 12(b)(6) of the Federal Rules of Civil Procedure. For purposes of the Federal Rules of Civil Procedure, a motion to dismiss is directed at and concerns solely the complaint. *Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989). Thus, subject to those documents properly made a part of the pleading, matters outside the complaint are not the appropriate subject when determining the merits of a motion to dismiss. *Weiner v. Klais & Co.,* 108 F.3d 86, 89 (6th Cir.1997).

In this matter, the gravamen of the Debtor's Complaint makes the following allegations:

Debtor received his Order Discharging his Chapter 13 proceeding on October 1, 2004. Debtor/Plaintiff has continued to make timely payments of $400.00 per month, directly to the IRS, since completion of [the] Chapter 13 plan. IRS has incorrectly applied the $400.00 payments as evidenced by [the] March 15, 2006 statement indicating the balance as of that date to be $17,631.04.

(Doc. No. 1 at pg. 2). With respect to these allegations, the burden of proving that no claim has been stated is on the party against whom the cause of action has been brought; in this case, the IRS. *Bangura v. Hansen,* 434 F.3d 487, 498 (6th Cir.2006). For this burden, a court is to presume that all factual allegations con-

tained in the complaint are true and all reasonable inferences are to be made in favor of the nonmoving party. *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir.2002). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir.2005). ■ In support of its burden, the IRS asserts that:

> [T]he agreed order removes the IRS's claim from discharge and from [the] discharge order of debtor's Chapter 13 proceeding. Thus, pursuant to 26 U.S.C. § 6601, interest at the rate established by 26 U.S.C. § 6621 on the underpayment or nonpayment of tax applies to the liability due for the tax year 1989. This interest continues to accrue on the liabilities excepted from discharge, including post-petition interest. It appears that counsel for the debtor failed to take into account this accruing interest in his computation applying the monthly payments to the tax liability.

(Doc. No. 5 at pg. 3). In making this argument, the legal assertion upon which the IRS relies has support. It is well established that "post-petition interest on an unpaid tax debt not discharged ... remains, after bankruptcy, a personal lia-

bility of the debtor." *Bruning v. United States,* 376 U.S. 358, 363, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964).[2]

However, while the IRS's legal assertion thus far is correct, it does not present the complete picture; parties can agree, or the court may through 11 U.S.C. § 505(a)(1),[3] modify this general rule. Thus, the question presented in this case is not whether the law allows the IRS to collect postpetition interest, but whether the amount stated in the Agreed Order was, as the Debtor argues, a fixed and final amount to be paid to the IRS.

■ It is fundamental that unless void or inherently defective, or timely attacked such as by way of appeal, parties have the right to rely on the plain terms of a court's order. *Vaughan v. Meridian National Corp. (In re Ottawa River Steel Co.),* 331 B.R. 340, 343 (Bankr.N.D.Ohio 2005). It is solely within the province of a court to interpret its own orders. *Home Port Rentals, Inc. v. Ruben,* 957 F.2d 126, 131 (4th Cir.1992); *see also Brown v. Neeb,* 644 F.2d 551 (6th Cir.1981) ("Few persons are in a better position to understand the meaning of a consent decree than the ... judge who oversaw and approved it"). Under this authority, this Court, in reviewing its Agreed Order, finds a particular term revealing. The Agreed

---

**2.** In *Bruning,* where a taxpayer who had been discharged from bankruptcy challenged the IRS's contention that it was entitled to collect postpetition interest on a nondischargeable tax debt, the Supreme Court held for the IRS, reasoning that "Congress, in providing that a certain type of debt should survive bankruptcy proceedings as a personal liability of the debtor, intended personal liability to continue as to the interest on that debt as well as to the principal amount." 376 U.S. at 360, 84 S.Ct. 906. The Court went on to say that "interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt." *Id. See also United States v. River Coal Company, Inc.,* 748 F.2d

1103 (6th Cir.1984); *Leeper v. Pennsylvania Higher Education Assistance Agency,* 49 F.3d 98 (3rd Cir.1995); *In re Moore,* 307 B.R. 394 (Bankr.S.D.N.Y.2004); *Gable v. Educational Credit Management Corp. (In re Gable),* 311 B.R. 904 (Bankr.D.Kan.2003).

**3.** In relevant part, this provision provides, "[T]he court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction."

Order proposed to pay the "total claim" of the IRS which, according to the agreement, was $25,058.31.

■ Courts, whether interpreting a statute, contract, or their own order, "must generally give words and phrases their plain, ordinary, natural or commonly accepted meaning." *Thomasville Furniture Indus. v. Elder–Beerman Stores,* 250 B.R. 609, 635 (S.D.Ohio 1998) (interpreting a contract); *see also Caminetti v. U.S.,* 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917) ("Statutory words are uniformly presumed, unless the contrary appears, to be used in their ordinary and usual sense and with the meaning commonly attributed to them."); *Covington v. Covington Landing Ltd. Part.,* 71 F.3d 1221 (6th Cir.1995) ("An Agreed Order, like a consent decree, is in the nature of a contract, and the interpretation of its term presents a question of contract interpretation."). The definition of "total" is not susceptible to any misunderstanding; its common dictionary definition is: "whole, not divided; full; complete; utter; absolute." BLACK'S LAW DICTIONARY 1490 (6th ed.2002). Given this broad reach, it was this Court's understanding that the Agreed Order entered was meant to fix the Defendant's claim at the time of the petition. If the IRS had not intended this result, it could have simply refused to initially agree to its terms, or insisted on inserting language into the document about the payment of interest. Instead, by silently waiting four years, the actions of the IRS might possibly have the appearance of an act of subterfuge.

■ In conclusion, the Court finds that the outstanding tax liability set forth in the Agreed Order was the total amount payable to the IRS, including any and all postpetition interest and penalties. Accordingly, the Court finds that the United States Internal Revenue Service has not satisfied its burden of proving that no claim has

been stated and their Motion to Dismiss should be denied. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Defendant's Motion to Dismiss be, and is hereby, Denied.

**IT IS FURTHER ORDERED** that a telephonic Pre–Trial is set for Thursday, May 3, 2007, at 2:00 P.M. The Parties shall initiate the teleconference call to the Court.